```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANGELO COTTO,

                Plaintiff,
                                              MEMORANDUM AND
        - against -                               ORDER

THE CITY OF NEW YORK, DETECTIVE DAVID         16 Civ. 8651 (NRB)
TERRELL, POLICE OFFICERS JOSE NUNEZ,
OMAR TEJADA, and ALBERTO DELROSARIO, and
POLICE OFFICERS JOHN DOES 1 TO 10,

                Defendants.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Angelo Cotto commenced this § 1983 action in November 2016 against the City of New York and several of its police officers. He now moves, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave to file a second amended complaint. For the reasons we describe below, his motion is granted in part and denied in part.

I.  **BACKGROUND**

Plaintiff filed his initial complaint in this action on November 7, 2016, naming as defendants the City of New York, Detective David Terrell, Police Officers Jose Nunez, Omar Tejada, and Alberto Delrosario, and Police Officers John Does 1 to 10. Compl. at 1, Dkt. No. 1. Plaintiff alleged that, on January 27, 2014, March 5, 2014, July 3, 2014, October 19, 2015, December 10,

1

2015, and April 24, 2016, Terrell and others arrested and detained him without probable cause because his mother refused Terrell's romantic advances. See, e.g., id. ¶¶ 11, 13-25. Plaintiff was also repeatedly charged with criminal offenses after the arresting officers "forwarded false allegations" of criminal conduct on the plaintiff's behalf to the Bronx District Attorney's Office. See, e.g., id. ¶¶ 15-18. Plaintiff's initial complaint asserted claims under 42 U.S.C. § 1983 for (1) false arrest and imprisonment, and malicious prosecution against Terrell and the John Doe defendants with respect to each of the first five arrests; (2) denial of a fair trial against Terrell with respect to each of the first five arrests; (3) excessive force against Terrell, Nunez, Tejada, and Delrosario with respect to the final arrest, on April 24, 2016; and (4) a Monell v. Department of Social Services, 436 U.S. 658 (1993), claim against the City of New York. See Compl. ¶¶ 100-314.

In February 2017, defendants moved to stay this action pending resolution of the criminal case arising out of plaintiff's April 2016 arrest, the only arrest for which the resulting criminal charges had not already been dismissed. See Dkt. No. 20. In opposing the requested stay, plaintiff withdrew his excessive force claim, the sole cause of action with respect that arrest. See Dkt. No. 21. Thus, in an April 4, 2017 Order, we denied

2

defendants' motion to stay the action and directed plaintiff to file an amended complaint reflecting his withdrawn excessive force claim by April 25, 2017.  See Dkt. No. 25.  Plaintiff filed his first amended complaint three days later.  See First Amended Complaint ("Am. Compl."), Dkt. No. 26.

On December 12, 2017, plaintiff filed a pre-motion letter seeking leave to amend his complaint once more, this time to (1) terminate as defendants Nunez, Tejada, and Delrosario, against whom he no longer asserts causes of action; and (2) identify the John Doe defendants who allegedly arrested him as Pier Luigi Castaldo (on January 27, 2014), Bravo Zayas (on March 5, 2014), Christopher Britton (on July 3, 2014), Matthew Velger (October 19, 2015), and Christina Barrientos (on December 10, 2015).  See Dkt. No. 38.

After this Court granted him leave to do so, plaintiff filed the instant motion on January 29, 2018, yet failed to attach a draft second amended complaint.  In addition to the proposed amendments previewed in his pre-motion letter, plaintiff's motion also seeks leave to "add more detailed factual allegations to bolster the plausibility" of his Monell claim.  Pl.'s Mem. Law Supp. Mot. Leave Amend Compl. ("Pl.'s Supp.") 2.  Defendants filed an opposition brief on February 12, 2018, see Defs.' Mem. Law Opp'n

3

Pl.'s Mot. Amend Compl. ("Defs.' Opp'n"), to which plaintiff failed to reply.[1]

## II. DISCUSSION

### A. Standard of Review

Motions for leave to amend are governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that leave shall be "freely give[n] . . . when justice to requires." Fed. R. Civ. P. 15(a)(2). The decision to grant leave, however, is ultimately "within the sound discretion of the district court." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."[2] Id.

---

[1] Plaintiff was clearly aware that he was permitted to file a reply brief, and the deadline thereof, as his Notice of Motion to Amend the Complaint recites that "plaintiff's Reply papers, if any, shall be served on or before February 19, 2018." Dkt. No. 40 at 2.

[2] Defendants assert that the applicable standard of review is provided by Rule 16(b)(4), pursuant to which leave to amend is only granted for "good cause." Defs.' Opp'n 3-5. This is so, they believe, because plaintiff's motion was filed after April 25, 2017, the day this Court set as the "last date" for plaintiff to file his first amended complaint. Id. We disagree. Rule 16(b) governs scheduling orders that courts impose to direct the schedule of litigation proceedings. See 3 Moore's Federal Practice § 16.10[1] (Matthew Bender ed.). In the leave to amend context, Rule 16(b)(4)'s "good cause" standard, rather than Rule 15(a)(2)'s liberal amendment policy, applies where a plaintiff seeks to amend his complaint after the date on which the scheduling order specifies no more claims may be asserted. See Sokol Holdings, Inc. v. BNB Munai, Inc., No. 05 cv 3749(KMW)(DCF), 2009 WL 3467756, at *5-6 (S.D.N.Y. Oct. 28, 2009). Put somewhat differently, Rule 16(b)(4) applies when the scheduling order itself is to be amended to permit plaintiff to amend his complaint. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000). Here, this Court simply set a date for plaintiff to file his first amended complaint after he withdrew his excessive force cause of action. There

4

Defendants do not oppose plaintiff's motion to the extent it seeks to terminate Nunez, Tejada, and Delrosario as defendants. Defendants do, however, oppose the remainder of plaintiff's motion on three separate grounds: (1) failure to attach a copy of the proposed second amended complaint to the instant motion; (2) bad faith, in seeking leave to amend in response to a Rule 11 safe harbor notice; and (3) futility, as certain claims against the newly identified defendants are time-barred. We proceed to consider each argument in turn.

**B. Failure to Attach Proposed Second Amended Complaint**

Defendants posit that plaintiff's motion should be denied at the threshold for failing to attach a draft of his proposed second amended complaint to his motion. Plaintiff, having also not filed a reply brief, did not respond to this argument.

Rule 7(b) of the Federal Rules of Civil Procedure requires a motion for a court order to "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). To satisfy the particularity requirement, "a complete copy of the proposed amended complaint must accompany the motion" for leave to amend "so that both the Court and opposing parties can understand the exact changes sought." Separzadeh v. Iconix Brand Grp., Inc., No.

---

is no Rule 16(b) scheduling order that requires amendment, and therefore the "good cause" standard is inapposite.

15 Civ. 8643 (AT)(JCF), 2017 WL 1330331, at *2 (S.D.N.Y. Apr. 10, 2017) (internal quotation marks omitted) (quoting Zito v. Leasecomm Corp., No. 02 Civ. 8074 GEL., 2004 WL 2211650, at *25 (S.D.N.Y. Sept. 30 2004)). While a court may deny a plaintiff's motion without prejudice for failure to attach the proposed amended complaint, see id., doing so is unnecessary if "there is no undue prejudice to the defendant," Sanders v. Grenadier Realty, Inc., No. 08 Civ. 3920(WHP), 2009 WL 1270226, at *4 (S.D.N.Y. May 6, 2009) (quoting Fei v. WestLB AG, No. 07CV8785(HB)(FM), 2008 WL 594768, at *2 (S.D.N.Y. Mar. 5, 2008)), aff'd, 367 F. App'x 173 (2d Cir. 2010). Thus, a court may rule on a motion for leave to amend where the plaintiff's memorandum of law sets forth the basis for the proposed amendment. See id.; Segatt v. GSI Holding Corp., No. 07 Civ. 11413(WHP), 2008 WL 4865033, at *4 (S.D.N.Y. Nov. 3, 2008).

Plaintiff's memorandum of law explains that he "primarily seeks leave to amend the complaint for purposes" of replacing the John Doe defendants with the names of the officers who arrested him, but "does not seek to change the substance of the allegations." Pl.'s Supp. 3. Taking plaintiff at his word, this explanation is adequate for the Court and defendants to "understand the exact changes sought" without reviewing the pleading itself. Separzadeh, 2017 WL 1330331, at *2.

However, plaintiff's description of his proposed amendments with respect to the Monell claim—"to add more detailed factual allegations to bolster the plausibility of that claim"—is totally insufficient. See Pl.'s Supp. 2. Accordingly, plaintiff's motion is denied without prejudice with respect to his Monell claim.

**C. Bad Faith**

Defendants next contend that leave to amend should be denied as plaintiff's motion is in bad faith. This is so, they maintain, because plaintiff's motion comes on the heels of their January 9, 2018 Rule 11 "safe harbor" letter and proposed motion for sanctions. Defs.' Opp'n 9-11. According to their safe harbor letter, plaintiff's arrest records belie his allegation that Terrell "arrest[ed] Plaintiff on any date at issue in this litigation []or was involved in any way with any of those five arrests." Id. at 10; see Declaration of Curt P. Beck ("Beck Decl.") Exs. A, C, Dkt. No. 45. That plaintiff now seeks to amend his complaint to name the officers who actually arrested him, Castaldo, Zayas, Britton, Velger, and Barrientos, is, in defendants' view, a concession that the first amended complaint violated Rule 11. See Defs.' Opp'n 10-11.

Defendants clearly misunderstand Rule 11's procedure and purpose. Rule 11 requires a party seeking sanctions thereunder to first serve the "challenged lawyer" with a sanctions motion,

7

describing the specific conduct which allegedly violates Rule 11, after which the "challenged lawyer has a 21-day 'safe harbor' to withdraw or amend" the allegedly deficient pleading. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 150 (2d Cir. 2009) (citing Fed. R. Civ. P. 11(c)(2)). That is precisely what occurred here. Defendants notified plaintiff's counsel of alleged deficiencies in his first amended complaint on January 9, 2018, and plaintiff's counsel sought to rectify those deficiencies by filing a motion for leave to amend within twenty one days, on January 29, 2018. Quite the opposite of "bad faith," what transpired in this case is exactly what Rule 11 seeks to achieve: correcting the alleged violations without needless litigation and court intervention.[3] See, e.g., Lawrence v. Richman Grp. of CT LLC, 620 F.3d 153, 158 (2d Cir. 2010) ("Rule 11's safe harbor provision seeks to reduce, if not eliminate, the unnecessary expenditure of judicial time and adversary resources.").

**D. Futility**

Finally, the parties dispute whether plaintiff's proposed amendments would be futile because the statutes of limitations on his claims against the newly identified John Doe officers have expired.

---

[3] If, after plaintiff files his second amended complaint, defendants are of the view that the modifications are insufficient to rectify the alleged Rule 11 violations, they may move for sanctions at that time.

It is "well established" that leave to amend need not be granted where the proposed amendment would be futile. Williams v. Citigroup Inc., 599 F.3d 208, 218 (2d Cir. 2011) (internal quotation marks omitted) (quoting Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997)). Because an amendment is futile if it would not withstand a motion to dismiss, F5 Capital v. Pappas, 856 F.3d 61, 89 (2d Cir. 2017), a court may deny leave to amend a claim that would be time-barred, see Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000).

The statute of limitations for a § 1983 action in New York is three years,[4] see Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015) (citing Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995)), and is triggered when "a plaintiff knows or has reason to know of the injury giving rise to the claim," id. (internal quotation marks omitted) (quoting Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994)). False arrest and imprisonment claims accrue once a detainee is held pursuant to the legal process, for example, when he is arraigned on charges. See Wallace v. Kato, 549 U.S. 384, 389-90 (2007); Bassett v. City of New York, No. 07CV8695(HB), 2008 WL 2605077, at *2 (S.D.N.Y. July 1, 2008). Malicious prosecution

---

[4] Because § 1983 does not provide a specific statute of limitations, courts apply the statute of limitations for personal injury actions under state law, which in New York is three years. See Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013).

9

claims accrue when "the prosecution terminates in the plaintiff's favor."  Spak v. Phillips, 857 F.3d 458, 462 (2d Cir. 2017) (internal quotation marks and alterations omitted) (quoting Poventud v. City of New York, 750 F.3d 121, 130 (2d Cir. 2014)).

Generally, "when a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes."  Rothman v. Gregor, 220 F.3d 81, 96 (2d Cir. 2000) (internal quotation marks omitted).  However, where "a pre-motion letter requesting leave to move to file an amended complaint . . . puts the defendants on notice of the claims sought to be asserted, it can serve to commence the action for statute of limitations purposes."  Bensinger v. Denbury Res. Inc., 31 F. Supp. 3d 503, 509 (E.D.N.Y. 2014).  As plaintiff's December 12, 2017 pre-motion letter clearly notified defendants of the claims that would be asserted against them—i.e., the claims currently named against John Doe officers—his claims will be timely so long as they accrued within three years of December 12, 2017.

Plaintiff's first, third, and fifth causes of action, false arrest and imprisonment against Castaldo, Zayas, and Britton, respectively, accrued when plaintiff was arraigned on January 28, March 6, and July 4, 2014, respectively, and expired on January

10

30, March 6, and July 5, 2017,[5] respectively. Am. Compl. ¶¶ 101, 124, 147; Beck Decl. Ex. C, at 10, 19, 29.[6] All of these claims are time-barred.

Plaintiff's seventh and ninth causes of action, false arrest and imprisonment against Velger and Barrientos, respectively, accrued when plaintiff was arraigned on October 20 and December 11, 2015, respectively. Am. Compl. ¶¶ 170, 193; Beck Decl. Ex. C, at 39, 48. The three year limitations period had yet to run for either claim by December 12, 2017, when plaintiff's pre-motion letter was filed. Accordingly, those claims are timely.

Plaintiff's second cause of action, malicious prosecution against Castaldo, accrued on October 20, 2014, when the charges resulting from plaintiff's January 27, 2014 arrest were dismissed, and expired on October 20, 2017. Am. Compl. ¶ 25. This claim is time-barred.

---

[5] Because January 28, 2017 is a Saturday, the three year statute of limitations on plaintiff's January 28, 2014 false arrest and imprisonment claims lapsed on the following Monday, January 30, 2017. See Fed. R. Civ. P. 6(a)(1)(C). Similarly, because July 4, 2017 is a federal holiday, see Fed. R. Civ. P. 6(a)(6)(A), the statute of limitations on plaintiff's July 4, 2014 false arrest and imprisonment claims expired on July 5, 2017, see Fed. R. Civ. P. 6(a)(1)(C).

[6] The first amended complaint, to which we refer given plaintiff's representation that that he "does not seek to change the substance of his allegations," does not include the dates on which he was arraigned, only those on which he was arrested. Pl.'s Supp. 3. However, his arrest records, of which we may take judicial notice, provide this information. See Awelewa v. New York City, No. 11 Civ. 778(NRB), 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012).

Plaintiff's fourth, sixth, eighth, and tenth causes of action for malicious prosecution against Zayas, Britton, Velger, and Barrientos, respectively, accrued on January 21, 2015, February 24, 2015, January 26, 2016, and July 25, 2016, respectively, when the charges resulting from the March 5, 2014, July 3, 2014, October 19, 2015, and December 10, 2015 arrests, respectively, were dismissed. Id. ¶¶ 39, 53, 69, 82. The three year limitations period had yet to run for any of these claims by December 12, 2017, when plaintiff's pre-motion letter was filed. Accordingly, those claims are timely.

Notwithstanding that plaintiff's pre-motion letter was filed after the statutes of limitations had lapsed with respect to his false arrest and imprisonment claims against Castaldo, Zayas, and Britton, and malicious prosecution claim against Castaldo, plaintiff argues that these claims should "relate back" to the date on which he filed his initial complaint, November 7, 2016, which would render them timely. See Pl.'s Supp. 5-7. We disagree.

"[I]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued. Thus, such an amendment may only [relate back] when all of the specifications of [Federal Rule of Civil Procedure]

12

15(c) are met." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468 (2d Cir. 1995) (alterations, citations, and internal quotation marks omitted). That is not the case here.

First, Rule 15(c)(1)(C), which allows relation back in the event of a "mistake concerning the proper party's identity," does not apply as the "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity'" within the meaning of the rule. Hogan, 738 F.3d at 517-18 (quoting Barrow, 66 F.3d at 470); see Anderson v. City of Mount Vernon, No. 09 Civ. 7082(ER)(PED), 2014 WL 1877092, at *4 (S.D.N.Y. Mar. 28, 2014) ("Plaintiff's proposed amendment naming Sergeant Marcucilli as a defendant after the statute of limitations had run does not correct a mistake in the original complaint, but instead supplies information Plaintiff lacked at the outset.").

Second, relation back is also not possible under Rule 15(c)(1)(A), which permits an amended pleading to relate back when "the law that provides the applicable statute of limitations," New York, "allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Plaintiff cannot satisfy the requirements of either of New York's applicable relation back statutes.

Section 1024 of the New York C.P.L.R. provides:

A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as

13

is known. If the name or remainder of the name becomes
known all subsequent proceedings shall be taken under
the true name and all prior proceedings shall be deemed
amended accordingly.

N.Y. C.P.L.R. § 1024. For C.P.L.R. § 1024 to apply, "a party must meet two requirements," including, in relevant part, "the party must 'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name.'" Hogan, 738 F.3d at 519 (quoting Bumpus v. N.Y.C. Transit Auth., 66 A.D.3d 26, 29, 883 N.Y.S.2d 99, 104 (2d Dep't 2009)). With respect to this requirement, "New York courts stress that [a]ny failure to exercise due diligence to ascertain the [John Doe's] name subjects the complaint to dismissal as to that party." Wilson v. City of New York, Nos. 15-cv-07368 (AJN)(KHP), 15-cv-07369 (AJN)(KHP), 2017 U.S. Dist. LEXIS 52539, at *9 (S.D.N.Y. Apr. 4, 2017), report and recommendation adopted, 2017 WL 2693599 (S.D.N.Y. June 19, 2017); Olivo v. City of New York, No. 14-CV-4966-ERK, 2015 WL 4645271, at *4 (E.D.N.Y. Aug. 4, 2015). Here, plaintiff filed his initial complaint in November 2016 and then waited a year to learn the identities of the alleged officers through defendants' initial disclosures. See Pl.'s Supp. 2. This does not constitute the requisite diligence. Plaintiff has not offered any evidence that he endeavored in any way, using any of the resources at his disposal, to identify the John Doe officers any earlier. See Wilson, 2017 U.S. Dist. LEXIS 52539, at *10-11 (listing a variety

of means by which a plaintiff in a § 1983 action may ascertain the identities of unknown officers, such as serving Freedom of Information Law requests, writing to the New York City Police Department to request the names of the arresting officers, or examining court filings in the criminal case that may contain the names of the officers involved).

New York law also allows relation back under C.P.L.R. § 203. See Buran v. Coupal, 87 N.Y.2d 173, 177, 661 N.E.2d 978, 981 (1995). Under this standard, the three conditions that must be satisfied in order for claims against one defendant to relate back to claims asserted against another are that:

> (1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.

Id. at 178, 661 N.E.2d at 981 (internal quotation marks omitted) (holding, however, that the "mistake" need not be excusable). Yet, as we recently explained in Lopez v. City of New York, No. 15 Civ. 1650 (NRB), 2017 WL 213243, at *3 (S.D.N.Y. Jan. 10, 2017), a plaintiff's "failure to timely name the Unnamed Officers is . . . not a 'mistake' that qualifies for relation back" under C.P.L.R. § 203. See also Berman v. Perez, No. 17-CV-2757 (JGK), 2018 WL

15

565269, at *3 (S.D.N.Y. Jan. 24, 2018); McElligott v. City of New York, No. 15 Civ. 7107 (LGS), 2017 WL 6210840, at *6 (S.D.N.Y. Dec. 7, 2017).

Thus, plaintiff's false arrest and imprisonment claims against Castaldo, Zayas, and Britton, and malicious prosecution claim against Castaldo do not relate back to the filing of his initial complaint. As each claim is time-barred, plaintiff is denied leave to amend with respect to these claims on the basis of futility.

### III. CONCLUSION

In summary, plaintiff's motion for leave to amend is granted with respect to terminating defendants Nunez, Tejada, and Delrosario, and asserting claims against previously unidentified John Doe defendants as follows: (1) false arrest and imprisonment, and malicious prosecution claims against Velger and Barrientos; and (2) malicious prosecution claims against Zayas and Britton. Plaintiff's motion is denied with prejudice with respect to asserting: (1) false arrest and imprisonment claims against Castaldo, Zayas, and Britton; and (2) a malicious prosecution claim against Castaldo. Finally, plaintiff's motion for leave to amend his Monell claim is denied without prejudice.

Plaintiff shall file a second amended complaint in accordance with, and within 14 days of, this Memorandum and Order. The Clerk

of Court is respectfully directed to (1) terminate Nunez, Tejada, and Delrosario as defendants; and (2) terminate docket number 40.

Dated: New York, New York
June 20, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Counsel for plaintiff:         Chukwuemeka Nwokoro
                               Nwokoro & Associates, P.C.

Counsel for defendants:        Curt P. Beck
                               Corporation Counsel of the
                               City of New York