```
--------------------------------X----------------------------
ANGELO COTTO,                    :UNITED STATES DISTRICT COURT
                                 :SOUTHERN DISTRICT OF NEW YORK
              Plaintiff(s),      :
                                 : CASE No.:16-CV-8651(NRB)
       against                   :
                                 : CIVIL ACTION
                                 :
THE CITY OF NEW YORK, DETECTIVE  : SECOND AMENDED COMPLAINT
DAVID TERRELL, POLICE OFFICER    :
MATTHEW VELGER, POLICE OFFICER   :
CHRISTINA BARRIENTOS,POLICE      :
OFFICER BRAVO ZAYAS, and POLICE  : PLAINTIFF DEMANDS
OFFICER CHRISTOPHER BRITTON,     : TRIAL BY JURY
                                 :
                                 :
              Defendant(s).      :
--------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiff, Angelo Cotto, hereby appears in this action by his attorneys, Nwokoro & Scola, Esquires, and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Angelo Cotto, by his attorneys, Nwokoro & Scola, Esquires, complaining of the defendants, The City of New York, Detective David Terrell, and Police Officers Velger, Barrientos, Zayas and Britton, collectively referred to as the Defendants, upon information and belief, alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by

Title 42 U.S.C. § 1983.

## JURISDICTION

2.   The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.   As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

4.   Plaintiff, Angelo Cotto, is currently 19 years of age, and resides in the Bronx, within the City and State of New York.

5.   Elizabeth Rosado is the mother of Angelo Cotto and is also a resident of the Bronx, within the City and State of New York. Ms. Rosado is not a party to this action but is integral to the acts complained of as the mother of plaintiff Angelo Cotto who was a minor under the age of 18 for a portion of the period during which the acts complained of occurred.

6.   The actions which form the underlying basis for this case all took place in the County of Bronx, within the jurisdiction of the Southern District of New York.

7.   Defendants Detective David Terrell and Police Officers John
     Does 1 to 10, are police officers for the City of New York
     acting under color of state law. At all material times, the
     defendant Police Officers were employed at the 42nd precint
     of the New York City Police Department, which covers the
     area known as the Morrisanna Section of the Boro of the
     Bronx. They are being sued in both their individual and
     official capacities.

8.   The Defendant, City of New York is a municipality in the
     State of New York and employs the Defendant Police
     Officers.


**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9.   In January 2010, when the plaintiff was 13 years old,
     Angelo Cotto and Elizabeth Rosado encountered Detective
     David Terrell for the first time. Detective Terrell
     arrested Angelo Cotto at the Park at PS 110 in the Bronx.
     Although plaintiff Cotto was lawfully at the Park,
     Detective Terrell unlawfully arrested Mr. Cotto without
     probable cause, allegedly for disorderly conduct and
     disturbing the peace. Ms. Rosado met Detective David
     Terrell when she arrived to pick up her son, Angelo Cotto.
     Two weeks after this incident, Detective Terrell telephoned
     Ms. Rosado and asked her what she was up to.

10.  In August 2014, a teenager by the name of "Freddy" who was
     living with Elizabeth Rosado at the time, was shot outside
     of the building located at 625 Jefferson Place, Bronx, New
     York 10456, where Ms. Rosado resides. When Ms. Rosado heard
     about the shooting incident, she went downstairs to
     introduce herself to the responding officers as an "aunty"
     or adult quasi-guardian of "Freddy". The responding

3

officers were Detective David Terrell and a female police officer described as a blue eyed woman. Detective Terrell then gave Ms. Rosado his telephone number and stated "Listen, I am going to give you my phone number. Call me if you hear anything".

11. Following this incident, Detective Terrell began a series of unwanted and progressively aggressive approaches of a sexual nature towards Elizabeth Rosado, although at all times she indicated to him that she was not interested in a sexual relationship with him. He repeatedly asks her out, and tells her how sexy she is although she made it clear that his attentions were not welcome. These interactions occurred while Detective Terrell was on patrol in the neighborhood where Elizabeth Rosado and Angelo Cotto both live, and also at the offices of the 42nd precinct whenever any of her sons, Angelo Cotto, or Antonio Cotto, was arrested by officers from the 42nd precinct.

12. During this period, Detective Terrell told Elizabeth Rosado that if she gave in to his advances, he would protect her son Angelo Cotto from being arrested by officers from the 42nd precinct. Ms. Rosado did not give in to Detective Terrell's advances.

13. On or about January 27, 2014, when Angelo Cotto was 16 years of age, he was arrested by Detective David Terrell, individually and acting through other police officers also stationed in the 42nd precinct of the NYPD, and charged with an un-specified crime.

14. That in the course of the aforesaid arrest, Mr. Cotto was detained, manhandled, restrained and handcuffed by Detective Terrell and the John Doe police officers and thereafter was transported in a police vehicle to the offices of the 42nd precinct of the NYPD, where he was

pedigreed, booked and further detained.

15.  That while plaintiff was being detained, Detective Terrell and the John Doe defendants completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and or offense.

16.  That the factual claims by Detective Terrell and the John Doe police officer defendants were materially false and the defendants knew it to be materially false at the time they first made it, and every time thereafter, when they repeated it.

17.  That Detective Terrell and the John Doe Police Officer defendants forwarded these false allegations to the Bronx County District Attorney (BCDA) in order to justify the arrests and to persuade the BCDA to commence the plaintiff's criminal prosecution.

18.  That as a direct result of these false allegations by the defendant police officers, the plaintiff was criminally charged under docket number 2014-01514.

19.  That the plaintiff remained in the custody of the defendant police officers until he was brought before a Judge of the Supreme Court of the State of New York, Criminal Term sitting in Bronx County, arraigned, and further detained.

20.  The arrest of plaintiff on or about January 27, 2014 was without probable cause.

21.  That the said arrest was motivated by malice and a desire on the part of Detective David Terrell to exercise undue influence over Angelo Cotto and Elizabeth Rosado, using his position of power as a police officer.

22.  That at no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

23. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

24. The John Doe police officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of Detective David Terrell who engaged in the misconduct described herein, as required.

25. On or about October 20, 2014, all criminal charges against Angelo Cotto stemming from the arrest on January 27, 2014, were dismissed without trial.

26. On March 5, 2014, When Angelo Cotto was 16 years of age, he was again arrested by Detective David Terrell, individually and acting through other police officers also stationed in the 42nd Precinct of the NYPD, and charged with, assault in the third degree; unlawful possession of marijuana; petit larceny; criminal possession of stolen property; and harassment in the second degree.

27. That in the course of the aforesaid arrest, Mr. Cotto was detained, manhandled, restrained and handcuffed by Detective Terrell and the John Doe police officers and thereafter was transported in a police vehicle to the offices of the 42nd precinct of the NYPD, where he was pedigreed, booked and further detained.

28. That while plaintiff was being detained, Detective Terrell and the John Doe defendants completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and or offense.

29. That the factual claims by Detective Terrell and the John Doe police officer defendants were materially false and the defendants knew it to be materially false at the time they first made it, and every time thereafter, when they

repeated it.

30.    That Detective Terrell and the John Doe Police Officer defendants forwarded these false allegations to the Bronx County District Attorney (BCDA) in order to justify the arrests and to persuade the BCDA to commence the plaintiff's criminal prosecution.

31.    That as a direct result of these false allegations by the defendant police officers, the plaintiff was criminally arraigned and charged under docket number 2014BX012326.

32.    That the plaintiff remained in the custody of the defendant police officers until he was brought before a Judge of the Criminal Court of the City of the Bronx, arraigned, charged, and further detained.

33.    The arrest of plaintiff on or about March 5, 2014 was without probable cause.

34.    The said arrest was motivated by malice and a desire on the part of Detective David Terrell to exercise undue influence over Angelo Cotto and Elizabeth Rosado, using his position of power as police officer.

35.    That at no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

36.    At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

37.    The John Doe police officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of Detective David Terrell who engaged in the misconduct described herein, as required.

38.    That from March 5, 2014 until January 21, 2015, plaintiff

was caused to attend court several times to defend the criminal charges against him.

39. That on January 21, 2015, all charges against Angelo Cotto, stemming from his arrest on March 5, 2014, were dismissed without trial.

40. That on July 3, 2014, when Angelo Cotto was 16 years of age, he was once again arrested by Detective David Terrell, individually and acting through other police officers also stationed in the 42nd precinct of the NYPD, and charged with, disorderly conduct.

41. That in the course of the aforesaid arrest, Mr. Cotto was detained, manhandled, restrained and handcuffed by Detective Terrell and the John Doe police officers and thereafter was transported in a police vehicle to the offices of the 42nd precinct of the NYPD, where he was pedigreed, booked and further detained.

42. That while plaintiff was being detained, Detective Terrell and the John Doe defendants completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and or offense.

43. That the factual claims by Detective Terrell and the John Doe police officer defendants were materially false and the defendants knew it to be materially false at the time they first made it, and every time thereafter, when they repeated it.

44. That Detective Terrell and the John Doe Police Officer defendants forwarded these false allegations to the Bronx County District Attorney (BCDA) in order to justify the arrests and to persuade the BCDA to commence the plaintiff's criminal prosecution.

45. That as a direct result of these false allegations by the defendant police officers, the plaintiff was criminally

arraigned and charged under docket number 2014BX035499.

46. That the plaintiff remained in the custody of the defendant police officers until he was brought before a Judge of the Criminal Court of the City of the Bronx, arraigned, charged, and further detained.

47. The arrest of plaintiff on or about July 3, 2014 was without probable cause.

48. The said arrest of plaintiff was motivated by malice and a desire on the part of Detective David Terrell to exercise undue influence over Angelo Cotto and Elizabeth Rosado, using his position of power as police officer.

49. That at no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

50. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

51. The John Doe police officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of Detective David Terrell who engaged in the misconduct described herein, as required.

52. That from July 3, 2014 until February 24, 2015, plaintiff was caused to attend court at various times to defend the criminal charges against him.

53. That on February 24, 2015, all charges against Angelo Cotto, stemming from his arrest on July 3, 2014, were dismissed without trial.

54 In June 2015, Detective David Terrell approached Elizabeth Rosado at 169th Street and Clinton, and asked her why she hasn't called him. Detective Terrell stated to Ms. Rosado,

"I am a big guy. I got a big dick".

55. That in August 2015, Detective Terrell calls Ms. Rosado using his personal cellular telephone and asks her to come to the precinct. Ms. Rosado asked Detective Terrell why he wanted her to come to the precinct and he responded as follows; " I want to show you something". Ms. Rosado refused to go to the precinct unless Detective Terrell specified what he wanted to show her, Detective Terrell became irate and stated, "Listen Elizabeth, I know where you live. I want you to come down here so I can show you my dick". Ms. Rosado declined the invitation.

56. That on October 19, 2015, when plaintiff was 17 years of age, plaintiff was arrested by Detective David Terrell, acting by himself and with the aid of other police officers also stationed in the 42nd Precinct of the NYPD, and charged with, assault in the third degree; menacing in the second degree; criminal possession of a weapon; menacing in the third degree; and harassment in the second degree.

57. That in the course of the aforesaid arrest, Mr. Cotto was detained, manhandled, restrained and handcuffed by Detective Terrell and the John Doe police officers and thereafter was transported in a police vehicle to the offices of the 42nd precinct of the NYPD, where he was pedigreed, booked and further detained.

58. That while plaintiff was being detained, Detective Terrell and the John Doe defendants completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and or offense.

59. That the factual claims by Detective Terrell and the John Doe police officer defendants were materially false and the defendants knew it to be materially false at the time they first made it, and every time thereafter, when they

repeated it.

60. That Detective Terrell and the John Doe Police Officer defendants forwarded these false allegations to the Bronx County District Attorney (BCDA) in order to justify the arrests and to persuade the BCDA to commence the plaintiff's criminal prosecution.

61. That as a direct result of these false allegations by the defendant police officers, the plaintiff was criminally arraigned and charged under docket number 2015BX050165.

62. That the plaintiff remained in the custody of the defendant police officers until he was brought before a Judge of the Criminal Court of the City of the Bronx, arraigned, charged, and further detained.

63. The arrest of plaintiff on or about October 19, 2015 was without probable cause.

64. That the said arrest was motivated by malice and a desire on the part of Detective David Terrell to exercise undue influence over Angelo Cotto and Elizabeth Rosado, using his position of power as police officer.

65. That at no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

66. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

67. The John Doe police officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of Detective David Terrell who engaged in the misconduct described herein, as required.

68. That from October 19, 2015, until January 26, 2016,

plaintiff was caused to attend court at various times to defendant the criminal charges against him.

69. That on January 26, 2016, all charges against Angelo Cotto, stemming from his arrest on October 19, 2015, were dismissed without trial.

70. That on December 10, 2015, when plaintiff was 18 years old, plaintiff was arrested by Detective David Terrell, acting by himself and with the aid of other police officers also stationed in the 42nd precinct, and charged with, criminal possession of a weapon in the fourth degree and unlawful possession of marijuana.

71. That in the cause of the aforesaid arrest, Mr. Cotto was detained, manhandled, restrained and handcuffed by Detective Terrell and the John Doe police officers and thereafter was transported in a police vehicle to the offices of the 42nd precinct of the NYPD, where he was pedigreed, booked and further detained.

72. That while plaintiff was being detained, Detective Terrell and the John Doe defendants completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and or offense.

73. That the factual claims by Detective Terrell and the John Doe police officer defendants were materially false and the defendants knew it to be materially false at the time they first made it, and every time thereafter, when they repeated it.

74. That Detective Terrell and the John Doe Police Officer defendants forwarded these false allegations to the Bronx County District Attorney (BCDA) in order to justify the arrest and to persuade the BCDA to commence the plaintiff's criminal prosecution.

75. That as a direct result of these false allegations by the

defendant police officers, the plaintiff was criminally arraigned and charged under docket number 2015BX058361.

76. That the plaintiff remained in the custody of the defendant police officers until he was brought before a Judge of the Criminal Court of the City of the Bronx, arraigned, charged, and further detained.

77. The arrest of plaintiff on or about December 10, 2015 was without probable cause.

78. That the arrest aforesaid was motivated by malice and a desire on the part of Detective David Terrell to exercise undue influence over Angelo Cotto and Elizabeth Rosado, using his position of power as police officer.

78. That at no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

79. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

80. The John Doe police officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of Detective David Terrell who engaged in the misconduct described herein, as required.

81. That from December 10, 2015, until July 25, 2016, plaintiff was caused to attend court at various times to defend the criminal charges against him.

82. That on July 25, 2016, all charges against Angelo Cotto, stemming from his arrest on December 10, 2015, were dismissed without trial.

83. The false arrest of plaintiffs, his malicious prosecution, and plaintiffs wrongful imprisonment, because of

defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

84. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution. .

85. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

86. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

87. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the New York City Police Department (NYPD).

88. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD.  Despite ample notice and/or

knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in law enforcement conduct themselves in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

89. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrests.

90. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

91. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

92. In an Order dated November 25, 2009, in Colon v. City of New York, 09 CV 0008 (EDNY), the court held that:

> *Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

93. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

94. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

95. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his

person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

96.  By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

97.  That on April 24, 2016, at approximately 11:50 a.m., plaintiff was standing in front of the building located at 633 East 169th Street, Bronx, New York, having an argument with his girl friend, Jezalyn Marquez who was yelling down at him a third floor window. A group of police officers numbering about eight, approached Mr. Cotto. Upon information and belief, the police officers included, Police Officers Jose Nunez, Omar Tejada and Alberto Delrosario, and Detective David Terrell. One of the police officers told Mr. Cotto, "get the fuck out of here before I arrest you". Mr. Cotto then walked away and crossed the street to a nearby bodega. Two of the police officers followed Mr. Cotto to the bodega and one of the police officers stated to Mr. Cotto, "aren't you going home" to which Mr. Cotto, responded, "I am going home but let me get something to eat first". The two police officers then grabbed Mr. Cotto and threw him against the an adjacent gate, face first. One of the police officers grabbed plaintiff's arm and pushed it up his back almost to the point of breaking his arm. Mr. Cotto screamed "you are breaking my arm". The second police officer kicked Mr. Cotto's legs out from under him, knocking him down to the ground, and the first police officer punched Mr. Cotto in his face while Mr. Cotto was on the ground. At this point, Detective David Terrell and at least four other police

officers appeared and joined in the beating of Mr. Cotto and handcuffed Mr. Cotto. Detective Terrell stated to Mr. Cotto, "if you continue to move, I am going to break your back". Then Detective Terrell walked away.

98.  That at this point, the police officers picked up the handcuffed Mr. Cotto and stood him upright and Police Officer Jose Nunez, punched Mr. Cotto in the face once again and pulled Mr. Cotto's hair. Plaintiff was then placed in the back of a police vehicle and another police officer got in the back seat of the vehicle with the plaintiff and hit Mr. Cotto with his elbow. The same officer also choked the plaintiff who was already handcuffed while asking him, "how do you like this motherfucker?". Plaintiff was hit by an elbow to the throat four times by this officer and eventually lost consciousness. The plaintiff regained consciousness only when the police vehicle arrived at the 42 precinct and the police officer roused him by slapping his face.

99.  That plaintiff was pedigreed, booked and processed at the 42 Precinct and was then taken to a back room where he was questioned by Detective David Terrell and another police officer described as white, skinny, balding, medium height, with glasses. Detective Terrell then asked the plaintiff, "who has the guns in the neighborhood?". When plaintiff denied knowledge of any guns in the neighborhood, Detective Terrell threatened plaintiff with physical violence and said, "stop fucking lying before I smack the shit out of you". After about thirty minutes of questioning, when plaintiff still did not admit to any knowledge about guns in the neighborhood, Detective Terrell then took the plaintiff from the interview room to a cell, and smacked plaintiff in the head, before pushing him into the cell.

**AS A FIRST CAUSE OF ACTION FOR THE ARREST OF 1-27-14: AGAINST DETECTIVE DAVID TERRELL, FALSE ARREST/IMPRISONMENT: UNLAWFUL SEARCH AND SEIZURE: DEPRIVATION OF RIGHTS IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C § 1983**

100. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 99 of this complaint as though fully set forth herein.

101. In the arrest, detention and imprisonment of plaintiff on or about January 27, 2014, defendants, acting under color of state law, deprived the plaintiff of his right to be free from unreasonable search and seizure and arrest without probable cause or reasonable suspicion as required by the Fourth and Fourteenth Amendments, therefore defendants are liable for violation of 42 U.S.C. Section 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

102. As a result of aforesaid violation, plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

103. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

104. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

**AS A SECOND CAUSE OF ACTION FOR THE ARREST OF 1-27-14: AGAINST DETECTIVE DAVID TERREL, MALICIOUS PROSECUTION: DEPRIVATION OF LIBERTY IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT UNDER 42 U.S.C§ 1983**

105. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

107. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

108. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

109. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

110. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

111. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

112. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

113. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

114. That the defendant officers withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

115. That the defendant officers did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

116. The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful, because plaintiff had committed

no crime and there was no probable cause to believe that plaintiff had committed any crimes.

117. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

118. By their conduct as described above, and acting under color of state law, defendants are liable to each plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the fourth and fourteenth amendments to the United States Constitution.

119. As a consequence of the malicious prosecution by the defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

120. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

121. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to

deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

122. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

**AS A THIRD CAUSE OF ACTION: FOR THE ARREST OF 03-05-14: AGAINST DETECTIVE DAVID TERRELL, FALSE ARREST/IMPRISONMENT: UNLAWFUL SEARCH AND SEIZURE: DEPRIVATION OF RIGHTS IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C § 1983**

123. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 122 of this complaint as though fully set forth herein.

124. In the arrest, detention and imprisonment of plaintiff on or about March 5, 2014, defendants, acting under color of state law, deprived the plaintiff of his right to be free from unreasonable search and seizure and arrest without probable cause or reasonable suspicion as required by the Fourth and Fourteenth Amendments, therefore defendants are liable for violation of 42 U.S.C. Section 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

125. As a result of aforesaid violation, plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

126. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and

severally.

127. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## AS A FOURTH CAUSE OF ACTION: FOR THE ARREST OF 03-05-14: AGAINST DETECTIVE DAVID TERRELL AND POLICE OFFICER BRAVO ZAYAS: MALICIOUS PROSECUTION: DEPRIVATION OF LIBERTY IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT UNDER 42 U.S.C§ 1983

128. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 127 of this complaint as though fully set forth herein.

129. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

130. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

131. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

132. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

133. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

134. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

135. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

136. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

137. That the defendant officers withheld exculpatory evidence from the prosecutors in the Bronx County District

Attorney's office.

138. That the defendant officers did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

139. The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.

140. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

141. By their conduct as described above, and acting under color of state law, defendants are liable to each plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the fourth and fourteenth amendments to the United States Constitution.

142. As a consequence of the malicious prosecution by the defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

143. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

144. The defendant officers acted under pretense and color of

state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

145. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

**AS A FIFTH CAUSE OF ACTION: FOR THE ARREST OF 07-03-14: AGAINST DETECTIVE DAVID TERRELL: FALSE ARREST/IMPRISONMENT: UNLAWFUL SEARCH AND SEIZURE: DEPRIVATION OF RIGHTS IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C § 1983**

146. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 145 of this complaint as though fully set forth herein.

147. In the arrest, detention and imprisonment of plaintiff on or about July 3, 2014, defendants, acting under color of state law, deprived the plaintiff of his right to be free from unreasonable search and seizure and arrest without probable cause or reasonable suspicion as required by the Fourth and Fourteenth Amendments, therefore defendants are liable for violation of 42 U.S.C. Section 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

148. As a result of aforesaid violation, plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them,

was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

149. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

150. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## AS A SIXTH CAUSE OF ACTION: FOR THE ARREST OF 07-03-14: AGAINST DETECTIVE DAVID TERRELL AND POLICE OFFICER CHRISTOPHER BRITTON: MALICIOUS PROSECUTION: DEPRIVATION OF LIBERTY IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT UNDER 42 U.S.C§ 1983

151. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 150 of this complaint as though fully set forth herein.

152. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

153. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

154. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

155. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

156. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

157. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

158. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

159. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

160. That the defendant officers withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

161. That the defendant officers did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

162. The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.

163. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

164. By their conduct as described above, and acting under color of state law, defendants are liable to each plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the fourth and fourteenth amendments to the United States Constitution.

165. As a consequence of the malicious prosecution by the defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

166. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

167. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

168. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

**AS A SEVENTH CAUSE OF ACTION: FOR THE ARREST OF 10-19-15: AGAINST DETECTIVE DAVID TERRELL AND POLICE OFFICER MATTHEW VELGER: FALSE ARREST/IMPRISONMENT: UNLAWFUL SEARCH AND SEIZURE: DEPRIVATION OF RIGHTS IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C § 1983**

169. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 168 of this complaint as though fully set forth herein.

170. In the arrest, detention and imprisonment of plaintiff on or about October 19, 2015, defendants, acting under color of state law, deprived the plaintiff of his right to be free from unreasonable search and seizure and arrest

without probable cause or reasonable suspicion as required by the Fourth and Fourteenth Amendments, therefore defendants are liable for violation of 42 U.S.C. Section 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

171. As a result of aforesaid violation, plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

172. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

173. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.


**AS AN EIGHT CAUSE OF ACTION: FOR THE ARREST OF 10-19-15: AGAINST DETECTIVE DAVID TERRELL AND POLICE OFFICER MATTHEW VELGER: MALICIOUS PROSECUTION: DEPRIVATION OF LIBERTY IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT UNDER 42 U.S.C§ 1983**

174. By this reference, plaintiffs incorporates each and every allegation and averment set forth in previous paragraphs of this complaint as though fully set forth herein.

175. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

176. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

177. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

178. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

179. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

180. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

181. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

182. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

183. That the defendant officers withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

184. That the defendant officers did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

185. The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.

186. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

187. By their conduct as described above, and acting under color of state law, defendants are liable to the plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the fourth and fourteenth amendments to the United States

Constitution.

188. As a consequence of the malicious prosecution by the defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

189. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

190. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

191. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

**AS A NINTH CAUSE OF ACTION: FOR THE ARREST OF 12-10-15: AGAINST DETECTIVE DAVID TERRELL AND POLICE OFFICER CHRISTINA BARRIENTOS: FALSE ARREST/IMPRISONMENT: UNLAWFUL SEARCH AND SEIZURE: DEPRIVATION OF RIGHTS IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C § 1983**

192. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 191 of this complaint as though fully set forth herein.

193. In the arrest, detention and imprisonment of plaintiff on or about December 10, 2015, defendants, acting under color of state law, deprived the plaintiff of his right to be free from unreasonable search and seizure and arrest without probable cause or reasonable suspicion as required by the Fourth and Fourteenth Amendments, therefore defendants are liable for violation of 42 U.S.C. Section 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

194. As a result of aforesaid violation, plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

195. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

196. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

**AS A TENTH CAUSE OF ACTION: FOR THE ARREST OF 12-10-15: AGAINST DETECTIVE DAVID TERRELL AND POLICE OFFICER CHRISTINA BARRIENTOS: MALICIOUS PROSECUTION: DEPRIVATION OF LIBERTY IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT UNDER 42 U.S.C§ 1983**

197. By this reference, plaintiffs incorporates each and every allegation and averment set forth in previous paragraphs of this complaint as though fully set forth herein.

198. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

199. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

200. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

201. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

202. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

203. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

204. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

205. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

206. That the defendant officers withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

207. That the defendant officers did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

208. The arrest, imprisonment and prosecution of the plaintiff

was malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.

209. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

210. By their conduct as described above, and acting under color of state law, defendants are liable to each plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the fourth and fourteenth amendments to the United States Constitution.

211. As a consequence of the malicious prosecution by the defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

212. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

213. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted

willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

214. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS AN ELEVENTH CAUSE OF ACTION: WITH RESPECT TO ARREST OF 1-27-14: AGAINST DETECTIVE DAVID TERRELL: DENIAL OF RIGHT TO A FAIR TRIAL IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983

215. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 214 of this complaint as though fully set forth herein.

216. Detective David Terrell created false evidence against the plaintiff.

217. Defendant Terrell forwarded false evidence and false information to the prosecutors in the Bronx County District Attorney's office.

218. Defendant Terrell was directly involved in the initiation of criminal proceedings against the plaintiffs.

219. Defendant Terrell lacked probable cause to initiate criminal proceedings against the plaintiff.

220. Defendant Terrell acted with malice in initiating criminal proceedings against the plaintiff.

221. Defendant Terrell was directly involved in the continuation of criminal proceedings against the plaintiffs.

222. Defendant Terrell lacked probable cause in continuing criminal proceedings against the plaintiffs.

223. Defendant Terrell acted with malice in continuing criminal

proceedings against the plaintiff.

224. Defendant Terrell misrepresented and falsified evidence throughout all phases of the criminal proceeding.

225. Defendant Terrell misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

226. Defendant Terrell withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

227. Defendant Terrell did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

228. By creating false evidence against the plaintiffs; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

229. As a consequence of the defendant Terrell's actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

230. As a consequence of the defendant Terrell's actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

**AS A TWELFTH CAUSE OF ACTION: WITH RESPECT TO ARREST OF 03-05-14: AGAINST DETECTIVE DAVID TERRELL: DENIAL OF RIGHT TO A FAIR TRIAL IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983**

231. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 230 of this complaint as though fully set forth herein.

232. Defendant Terrell created false evidence against the plaintiff.

233. Defendant Terrell forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

234. Defendant Terrell was directly involved in the initiation of criminal proceedings against the plaintiffs.

235. Defendant Terrell lacked probable cause to initiate criminal proceedings against the plaintiff.

236. Defendant Terrell acted with malice in initiating criminal proceedings against the plaintiff.

237. Defendant Terrell was directly involved in the continuation of criminal proceedings against the plaintiffs.

238. Defendant Terrell lacked probable cause in continuing criminal proceedings against the plaintiffs.

239. Defendant Terrell acted with malice in continuing criminal proceedings against the plaintiff.

240. Defendant Terrell misrepresented and falsified evidence throughout all phases of the criminal proceeding.

241. Defendant Terrell misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

242. Defendant Terrell withheld exculpatory evidence from the

prosecutors in the Bronx County District Attorney's office.

243. Defendant Terrell did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

244. By creating false evidence against the plaintiffs; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, Defendant Terrell violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

245. As a consequence of defendant Terrell's actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

246. As a consequence of the defendant Terrell's actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

**AS A THIRTEENTH CAUSE OF ACTION: WITH RESPECT TO ARREST OF 07-03-14: AGAINST DETECTIVE DAVID TERRELL: DENIAL OF RIGHT TO A FAIR TRIAL IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983**

247. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 246 of this complaint as though fully set forth

herein.

248. Defendant Terrell created false evidence against the plaintiff.

249. Defendant Terrell forwarded false evidence and false information to the prosecutors in the Bronx County District Attorney's office.

250. Defendant Terrell was directly involved in the initiation of criminal proceedings against the plaintiffs.

251. Defendant Terrell lacked probable cause to initiate criminal proceedings against the plaintiff.

252. Defendant Terrell acted with malice in initiating criminal proceedings against the plaintiff.

253. Defendant Terrell was directly involved in the continuation of criminal proceedings against the plaintiffs.

254. Defendant Terrell lacked probable cause in continuing criminal proceedings against the plaintiffs.

255. Defendant Terrell acted with malice in continuing criminal proceedings against the plaintiff.

256. Defendant Terrell misrepresented and falsified evidence throughout all phases of the criminal proceeding.

257. Defendant Terrell misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

258. Defendant Terrell withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

259. Defendant Terrell did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

260. By creating false evidence against the plaintiffs; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, Defendant

Terrell violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

261. As a consequence of the defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

262. As a consequence of Defendant Terrell's individual and/or collective actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

**AS A FOURTEENTH CAUSE OF ACTION: WITH RESPECT TO ARREST OF 10-19-15: AGAINST DETECTIVE DAVID TERRELL: DENIAL OF RIGHT TO A FAIR TRIAL IN VIOLATION OF THE 4ᵀᴴ AND 14ᵀᴴ AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983**

263. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 262 of this complaint as though fully set forth herein.

264. Defendant Terrell created false evidence against the plaintiff.

265. Defendant Terrell forwarded false evidence and false information to the prosecutors in the Bronx County District Attorney's office.

266. Defendant Terrell was directly involved in the initiation

of criminal proceedings against the plaintiffs.

267. Defendant Terrell lacked probable cause to initiate criminal proceedings against the plaintiff.

268. Defendant Terrell acted with malice in initiating criminal proceedings against the plaintiff.

269. Defendant Terrell was directly involved in the continuation of criminal proceedings against the plaintiffs.

270. Defendant Terrell lacked probable cause in continuing criminal proceedings against the plaintiffs.

271. Defendant Terrell acted with malice in continuing criminal proceedings against the plaintiff.

272. Defendant Terrell misrepresented and falsified evidence throughout all phases of the criminal proceeding.

273. Defendant Terrell misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

274. Defendant Terrell withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

275. Defendant Terrell did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

276. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, Defendant Terrell violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

277. As a consequence of the defendant Terrel's actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated.  Plaintiff hereby

demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

278. As a consequence of defendant Terrell's actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

## AS A FIFTEENTH CAUSE OF ACTION: WITH RESPECT TO ARREST OF 12-10-15: AGAINST DETECTIVE DAVID TERRELL: DENIAL OF RIGHT TO A FAIR TRIAL IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983

279. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 278 of this complaint as though fully set forth herein.

280. Defendant Terrell created false evidence against the plaintiff.

281. Defendant Terrell forwarded false evidence and false information to the prosecutors in the Bronx County District Attorney's office.

282. Defendant Terrell was directly involved in the initiation of criminal proceedings against the plaintiffs.

283. Defendant Terrell lacked probable cause to initiate criminal proceedings against the plaintiff.

284. Defendant Terrell acted with malice in initiating criminal proceedings against the plaintiff.

285. Defendant Terrell was directly involved in the continuation of criminal proceedings against the plaintiffs.

286. Defendant Terrell lacked probable cause in continuing criminal proceedings against the plaintiffs.

287. Defendant Terrell acted with malice in continuing criminal proceedings against the plaintiff.

288. Defendant Terrell misrepresented and falsified evidence throughout all phases of the criminal proceeding.

289. Defendant Terrell misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

290. Defendant Terrell withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

291. Defendant Terrell did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

292. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, Defendant Terrell violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

293. As a consequence of the defendant officers' actions, the plaintiffs suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

294. As a consequence of defendant Terrell's actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive

damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

297. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## AS A SIXTEENTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

298. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 103 of this complaint as though fully set forth herein.

299. The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

300. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

301. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

302. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are engaged in illegal or criminal conduct;

b. manufacturing evidence against individuals allegedly involved in illegal or criminal conduct;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

e. wrongfully and unreasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

303. The aforesaid event was not an isolated incident. The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

304. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made

false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

305. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

306. Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

307. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the

settlements of even substantial civil claims and police
department action against officers.

308.  The existence of the aforesaid unconstitutional customs and
policies may also be inferred from the admission by Deputy
Commissioner Paul J. Browne, as reported by the media on
January 20, 2006, that commanders are permitted to set
"productivity goals".

309.  Furthermore, the existence of the aforesaid
unconstitutional customs and policies may also be inferred
from the ruling (Docket entry 32) of the Court (Eastern
District of New York), in the case(s) of Jose Colon v. City
of New York, et al (09-cv-8) and Maximo Colon v. City of
New York, et al (09-cv-9), wherein the Court stated, *inter
alia*, that "*Informal inquiry by the court and among the
judges of this court, as well as knowledge of cases in
other federal and state courts, has revealed anecdotal
evidence of repeated, widespread falsification by
arresting officers of the New York City Police Department*",
and that "*there is some evidence of an attitude among
officers that is sufficiently widespread to constitute a
custom or policy by the city approving the illegal conduct
of the kind now charged*".

310.  The aforementioned customs, policies, usages, practices,
procedures and rules of the City of New York, constituted a
deliberate indifference to the safety, well-being and
constitutional rights of all defendants, including but not
limited to the plaintiff; were the proximate cause of, and
moving force behind, the constitutional violations suffered
by the plaintiff as alleged herein, and deprived plaintiff
of the following rights, privileges and immunities secured
to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

(d) The right to be free from the use of excessive force.

311. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

312. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

313. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the

right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

314. The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

Dated: July 4, 2018,
       New York, New York

Chukwuemeka Nwokoro, Esq.
Nwokoro & Scola, Esquires
Attorney for Plaintiff
30 Broad Street, Suite 1424
New York, New York 10005
Tel. (212) 785-1060