UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANGELO COTTO,

| | |
|---|---|
| Plaintiffs, | **ANSWER TO THE SECOND AMENDED COMPLAINT** |
| -against- | 16 CV 8651 (NRB) |

THE CITY OF NEW YORK, DETECTIVE DAVID
TERRELL, POLICE OFFICER MATTHEW VELGER,
POLICE OFFICER CHRISTINA BARRIENTOS.
POLICE OFFICER BRAVO ZAYAS and POLICE
OFFICER CHRISTOPHER BRITTON,

Jury Trial Demanded

ECF Case

Defendants.

------------------------------------------------------------------------ x

Defendants City of New York, NYPD Detective David Terrell, NYPD Officers

Matthew Velger, Christine Mozdiak, *nee* Barrientos, Bravo Zayas, and Christopher Britton, by

their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their

Answer to the Second Amended Complaint (hereinafter "SAC"), respectfully allege as follows:

      1.      Deny the allegations set forth in paragraph "1" of the SAC, except admit

that plaintiff purports to bring this action as stated therein.

      2.      Deny the allegations set forth in paragraph "2" of the SAC, except admit

that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

      3.      Deny the allegations set forth in paragraph "3" of the SAC, except admit

that plaintiff purports to base the venue of this action as stated therein.

      4.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "4" of the SAC.

      5.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "5" of the SAC except deny that Elizabeth Rosado is

"integral to the acts complained of."

6.     Deny the allegations set forth in paragraph "6" of the SAC.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the SAC, except admit that David Terrell was employed by the City of New York during the times referenced in the SAC and that plaintiff purports to sue David Terrell as set forth therein.

8.     Deny the allegations set forth in paragraph "8" of the SAC, except admit only that the City of New York is a municipality within the State of New York that David Terrell, Matthew Velger, Christine Mozdiak *nee* Barrientos, Bravo Zayas, and Christopher Britton were employed by NYPD as members of service during the times referenced in the SAC.

9.     Deny the allegations set forth in paragraph "9" of the SAC.

10.     Deny the allegations set forth in paragraph "10" of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the shooting of "Freddy."

11.     Deny the allegations set forth in paragraph "11" of the SAC.

12.     Deny the allegations set forth in paragraph "12" of the SAC.

13.     Deny the allegations set forth in paragraph "13" of the SAC, and further state that plaintiff was lawfully arrested on January 27, 2014 by NYPD P.O. Pierluig Castaldo, not Det. Terrell as alleged in the SAC, and that P.O Castaldo did not turn out of the 42nd Precinct as alleged in SAC, and that P.O. Castaldo arrested plaintiff for a gunpoint robbery in which the complaining victim positively identified plaintiff prior to plaintiff's arrest, and that neither Det. David Terrell nor any other named defendant had anything to do with plaintiff's January 27, 2014 arrest or prosecution. *See* Exhibit A attached hereto and incorporated by reference (NYPD Arrest Report for plaintiff Angelo Cotto on January 27, 2014, conclusively demonstrating that

the allegations in ¶¶ 13, 100-122, and 215-230 of the SAC are false, violate Rule 11 of the Fed. R. Civ. P. and that plaintiff and his counsel made them after having been served with Defendants' January 9, 2018 Safe Harbor Letter and Notice of Motion.)

14.    Deny the allegations set forth in paragraph "14" of the SAC and incorporate ¶13, *supra,* and Exhibit A, *infra,* and further state there are no "John Doe police officers" in this litigation.

15.    Deny the allegations set forth in paragraph "15" of the SAC and incorporate ¶ 13, *supra,* and Exhibit A, *infra,* and further state there are no "John Doe defendants" in this litigation.

16.    Deny the allegations set forth in paragraph "16" of the SAC and incorporate ¶ 13, *supra,* and Exhibit A, *infra,* and further state there are no "John Doe police officer defendants" in this litigation.

17.    Deny the allegations set forth in paragraph "17" of the SAC and incorporate ¶ 13, *supra,* and Exhibit A, *infra,* and further state there are no "John Doe Police Officer defendants" in this litigation.

18.    Deny the allegations set forth in paragraph "18" of the SAC and incorporate ¶ 13, *supra,* and Exhibit A, *infra.*

19.    Deny the allegations set forth in paragraph "19" of the SAC and incorporate ¶ 13, *supra,* and Exhibit A, *infra.*

20.    Deny the allegations set forth in paragraph "20" of the SAC and incorporate ¶ 13, *supra,* and Exhibit A, *infra.*

21.    Deny the allegations set forth in paragraph "21" of the SAC and incorporate ¶ 13, *supra,* and Exhibit A, *infra.*

22.     Deny the allegations set forth in paragraph "22" of the SAC and incorporate ¶ 13, *supra,* and Exhibit A, *infra.*

23.     Deny the allegations set forth in paragraph "23" of the SAC and incorporate ¶ 13, *supra,* and Exhibit A, *infra.*

24.     Deny the allegations set forth in paragraph "14" of the SAC and incorporate ¶ 13, *supra,* and Exhibit A, *infra,* and further state there are no "John Doe police officers" named in this litigation.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the SAC.

26.     Deny the allegations set forth in paragraph "26" of the SAC, and further state that plaintiff was lawfully arrested on March 5, 2014 by NYPD P.O. Bravo Zayas, not Det. Terrell as alleged in the SAC, and that P.O. Zayas arrested plaintiff for an assault in which the complaining victim positively identified plaintiff prior to plaintiff's arrest, and that P.O. Zayas found marihuana and a box cutter on plaintiff at the time of his March 5, 2014 arrest and neither Det. David Terrell nor any other named defendant herein had anything to do with plaintiff's March 5, 2014 arrest or prosecution. *See* Exhibit B attached hereto and incorporated by reference (NYPD Arrest Report for plaintiff Angelo Cotto on March 5, 2014, conclusively demonstrating that the allegations in ¶¶ 26, 123-145, and 231-246 of the SAC are false and violate Rule 11 of the Fed. R. Civ. P. and that plaintiff and his counsel made them after having been served with Defendants' January 9, 2018 Safe Harbor Letter and Notice of Motion.)

27.     Deny the allegations set forth in paragraph "27" of the SAC and incorporate ¶ 26, *supra,* and Exhibit B, *infra,* and further state there are no "John Doe police officers" named as defendants in this litigation.

28.     Deny the allegations set forth in paragraph "28" of the SAC and incorporate ¶ 26, *supra,* and Exhibit B, *infra,* and further state there are no "John Doe defendants" in this litigation.

29.     Deny the allegations set forth in paragraph "29" of the SAC and incorporate ¶ 26, *supra,* and Exhibit B, *infra,* and further state there are no "John Doe police officer defendants" in this litigation.

30.     Deny the allegations set forth in paragraph "30" of the SAC and incorporate ¶ 26, *supra,* and Exhibit B, *infra,* and further state there are no "John Doe Police Officer defendants" in this litigation.

31.     Deny the allegations set forth in paragraph "31" of the SAC.

32.     Deny the allegations set forth in paragraph "32" of the SAC.

33.     Deny the allegations set forth in paragraph "33" of the SAC and incorporate ¶ 26, *supra,* and Exhibit B, *infra.*

34.     Deny the allegations set forth in paragraph "27" of the SAC and incorporate ¶ 26, *supra,* and Exhibit B, *infra.*

35.     Deny the allegations set forth in paragraph "35" of the SAC and incorporate ¶ 26, *supra,* and Exhibit B, *infra.*

36.     Deny the allegations set forth in paragraph "36" of the SAC and incorporate ¶ 26, *supra,* and Exhibit B, *infra.*

37.     Deny the allegations set forth in paragraph "37" of the SAC and incorporate ¶ 26, *supra,* and Exhibit B, *infra,* and further state there are no "John Doe police officers" named as defendants in this litigation.

5

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the SAC.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the SAC.

40.     Deny the allegations set forth in paragraph "40" of the SAC, and further state that plaintiff was lawfully arrested on July 3, 2014 by NYPD P.O Christopher Britton, not Det. Terrell as alleged in the SAC, and that P.O. Britton arrested plaintiff for, *inter alia*, possession of a BB gun which plaintiff admitted to having been in possession of at the time of his July 3, 2014 arrest and neither Det. David Terrell nor any other named defendant had anything to do with plaintiff's July 3, 2014 arrest or prosecution. *See* Exhibit C attached hereto and incorporated by reference (NYPD Arrest Report for plaintiff Angelo Cotto on July 3, 2014, conclusively demonstrating that the allegations in ¶¶ 40, 146-168, and 247-262 of the SAC are false and violate Rule 11 of the Fed. R. Civ. P. and that plaintiff and his counsel made them after having been served with Defendants' January 9, 2018 Safe Harbor Letter and Notice of Motion.)

41. Deny the allegations set forth in paragraph "41" of the SAC and incorporate ¶ 40, *supra*, and Exhibit C, *infra*, and further state there are no "John Doe police officers" named as defendants in this litigation.

42.     Deny the allegations set forth in paragraph "42" of the SAC and incorporate ¶ 40, *supra*, and Exhibit C, *infra*, and further state there are no "John Doe defendants" in this litigation.

43. Deny the allegations set forth in paragraph "43" of the SAC and incorporate ¶ 40, *supra*, and Exhibit C, *infra*, and further state there are no "John Doe police officers" defendants in this litigation.

44. Deny the allegations set forth in paragraph "43" of the SAC and incorporate ¶ 40, *supra,* and Exhibit C, *infra,* and further state there are no "John Doe Police Officer defendants" in this litigation.

45. Deny the allegations set forth in paragraph "45" of the SAC and incorporate ¶ 40, *supra,* and Exhibit C, *infra.*

46. Deny the allegations set forth in paragraph "46" of the SAC and incorporate ¶ 40, *supra,* and Exhibit C, *infra.*

47. Deny the allegations set forth in paragraph "47" of the SAC and incorporate ¶ 40, *supra,* and Exhibit C, *infra.*

48. Deny the allegations set forth in paragraph "48" of the SAC and incorporate ¶ 40, *supra,* and Exhibit C, *infra.*

49. Deny the allegations set forth in paragraph "49" of the SAC and incorporate ¶ 40, *supra,* and Exhibit C, *infra.*

50. Deny the allegations set forth in paragraph "50" of the SAC and incorporate ¶ 40, *supra,* and Exhibit C, *infra.*

51. Deny the allegations set forth in paragraph "51" of the SAC and incorporate ¶ 40, *supra,* and Exhibit C, *infra* and further state there are no "John Doe police officers" named as defendants in this litigation.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the SAC.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the SAC.

54. Deny the allegations set forth in paragraph "54" of the SAC.

55.     Deny the allegations set forth in paragraph "55" of the SAC.

56.     Deny the allegations set forth in paragraph "56" of the SAC and further state that plaintiff was lawfully arrested on October 19, 2015 by NYPD P.O Matthew Velger, not Det. Terrell as alleged in the SAC, and that P.O. Velger arrested plaintiff for an assault in which the complaining victim positively identified plaintiff prior to plaintiff's arrest, and neither Det. David Terrell nor any other named defendant had anything to do with plaintiff's October 19, 2015 arrest or prosecution. *See* Exhibit D attached hereto and incorporated by reference (NYPD Arrest Report for plaintiff Angelo Cotto on October 19, 2015, conclusively demonstrating that the allegations in ¶¶ 56, 169-191 and 263-278 of the SAC are false and violate Rule 11 of the Fed. R. Civ. P. and that plaintiff and his counsel made them after having been served with Defendants' January 9, 2018 Safe Harbor Letter and Notice of Motion.)

57.     Deny the allegations set forth in paragraph "57" of the SAC and incorporate ¶ 56, *supra*, and Exhibit D, *infra*, and further state there are no "John Doe police officers" named as defendants in this litigation.

58.     Deny the allegations set forth in paragraph "58" of the SAC and incorporate ¶ 56, *supra*, and Exhibit D, *infra*, and further state there are no "John Doe police defendants" in this litigation.

59.     Deny the allegations set forth in paragraph "59" of the SAC and incorporate ¶ 56, *supra*, and Exhibit D, *infra*, and further state there are no "John Doe police officer defendants" in this litigation.

60.     Deny the allegations set forth in paragraph "60" of the SAC and incorporate ¶ 56, *supra,* and Exhibit D, *infra,* and further state there are no "John Doe Police Officer defendants" in this litigation.

61.     Deny the allegations set forth in paragraph "61" of the SAC and incorporate ¶ 56, *supra,* and Exhibit D, *infra.*

62.     Deny the allegations set forth in paragraph "62" of the SAC and incorporate ¶ 56, *supra,* and Exhibit D, *infra.*

63.     Deny the allegations set forth in paragraph "63" of the SAC and incorporate ¶ 56, *supra,* and Exhibit D, *infra.*

64.     Deny the allegations set forth in paragraph "64" of the SAC and incorporate ¶ 56, *supra,* and Exhibit D, *infra.*

65.     Deny the allegations set forth in paragraph "65" of the SAC and incorporate ¶ 56, *supra,* and Exhibit D, *infra.*

66.     Deny the allegations set forth in paragraph "66" of the SAC and incorporate ¶ 56, *supra,* and Exhibit D, *infra.*

67.     Deny the allegations set forth in paragraph "67" of the SAC and incorporate ¶ 56, *supra,* and Exhibit D, *infra* and further state there are no "John Doe police officers" named as defendants in this litigation.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the SAC.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the SAC.

70.    Deny the allegations set forth in paragraph "70" of the SAC and further state that plaintiff was lawfully arrested on December 10, 2015 by NYPD P.O. Christine Mozdiak, *nee* Barrientos, not Det. Terrell as alleged in the SAC, and that P.O. Christine Mozdiak, *nee* Barrientos did not turn out of turned out of the 42nd Precinct as alleged in SAC and arrested plaintiff for possession of a knife and marihuana, and neither Det. David Terrell nor any other named defendant herein had anything to do with plaintiff's December 10, 2015 arrest or prosecution. *See* Exhibit E attached hereto and incorporated by reference (NYPD Arrest Report for plaintiff Angelo Cotto on December 10, 2015, conclusively demonstrating that the allegations in ¶¶ 70, 192-214 and 279-297 of the SAC are false and violate Rule 11 of the Fed. R. Civ. P. and that plaintiff and his counsel made them after having been served with Defendants' January 9, 2018 Safe Harbor Letter and Notice of Motion.)

71.    Deny the allegations set forth in paragraph "71" of the SAC and incorporate ¶ 70, *supra,* and Exhibit E, *infra,* and further state there are no "John Doe police officers" named as defendants in this litigation.

72.    Deny the allegations set forth in paragraph "72" of the SAC and incorporate ¶ 70, *supra,* and Exhibit E, *infra,* and further state there are no "John Doe defendants" in this litigation.

73.    Deny the allegations set forth in paragraph "73" of the SAC and incorporate ¶ 70, *supra,* and Exhibit E, *infra,* and further state there are no "John Doe police officer defendants" in this litigation.

74.    Deny the allegations set forth in paragraph "74" of the SAC and incorporate ¶ 70, *supra,* and Exhibit E, *infra,* and further state there are no "John Doe Police Officer defendants" in this litigation.

75.     Deny the allegations set forth in paragraph "75" of the SAC and incorporate ¶ 70, *supra,* and Exhibit E, *infra.*

76.     Deny the allegations set forth in paragraph "76" of the SAC and incorporate ¶ 70, *supra,* and Exhibit E, *infra.*

77.     Deny the allegations set forth in paragraph "77" of the SAC and incorporate ¶ 70, *supra,* and Exhibit E, *infra.*

78.     Deny the allegations set forth in paragraph "78" of the SAC and incorporate ¶ 70, *supra,* and Exhibit E, *infra.*

79.     Deny the allegations set forth in paragraph "79" of the SAC and incorporate ¶ 70, *supra,* and Exhibit E, *infra.*

80.     Deny the allegations set forth in paragraph "80" of the SAC and incorporate ¶ 70, *supra,* and Exhibit E, *infra,* and further state there are no "John Doe police officers" named as defendants in this litigation.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the SAC.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the SAC.

83.     Deny the allegations set forth in paragraph "83" of the SAC and incorporate ¶ 70, *supra,* and Exhibit E, *infra*

84.     Deny the allegations set forth in paragraph 84" of the SAC and incorporate ¶ 70, supra, and Exhibit E, *infra.*

85.     Deny the allegations set forth in paragraph "85" of the SAC.

86.     Deny the allegations set forth in paragraph "86" of the SAC.

87.     Deny the allegations set forth in paragraph "87" of the SAC.

88.     Deny the allegations set forth in paragraph "88" of the SAC.

89.     Deny the allegations set forth in paragraph "89" of the SAC.

90.     Deny the allegations set forth in paragraph "90" of the SAC.

91.     Deny the allegations set forth in paragraph "91" of the SAC.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the SAC and respectfully refers the Court to the original source for a complete and accurate recitation of the Court's *2009 dicta* referenced therein.

93.     Deny the allegations set forth in paragraph "93" of the SAC.

94.     Deny the allegations set forth in paragraph "94" of the SAC.

95.     Deny the allegations set forth in paragraph "95" of the SAC.

96.     Deny the allegations set forth in paragraph "96" of the SAC.

97.     Deny the allegations set forth in paragraph "97" of the SAC.

98.     Deny the allegations set forth in paragraph "98" of the SAC.

99.     Deny the allegations set forth in paragraph "99" of the SAC.

100.    In response to the allegations set forth in paragraph "100" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

101.    Deny the allegations set forth in paragraph "101" of the SAC.

102.    Deny the allegations set forth in paragraph "102" of the SAC.

103.    Deny the allegations set forth in paragraph "103" of the SAC.

104.   Paragraph "104" of the SAC sets forth legal conclusions rather than averments of fact and therefore requires no response.   To the extent a response is required, defendants deny the allegations set forth in paragraph "104" of the SAC.

105.   In response to the allegations set forth in paragraph "105" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

106.   Deny the allegations set forth in paragraph "106" of the SAC.

107.   Deny the allegations set forth in paragraph "107" of the SAC.

108.   Deny the allegations set forth in paragraph "108" of the SAC.

109.   Deny the allegations set forth in paragraph "109" of the SAC.

110.   Deny the allegations set forth in paragraph "110" of the SAC.

111.   Deny the allegations set forth in paragraph "111" of the SAC.

112.   Deny the allegations set forth in paragraph "112" of the SAC.

113.   Deny the allegations set forth in paragraph "113" of the SAC.

114.   Deny the allegations set forth in paragraph "114" of the SAC.

115.   Deny the allegations set forth in paragraph "115" of the SAC.

116.   Deny the allegations set forth in paragraph "116" of the SAC.

117.   Deny the allegations set forth in paragraph "117" of the SAC.

118.   Deny the allegations set forth in paragraph "118" of the SAC.

119.   Deny the allegations set forth in paragraph "119" of the SAC.

120.   Deny the allegations set forth in paragraph "120" of the SAC.

121.   Deny the allegations set forth in paragraph "121" of the SAC.

122.   Deny the allegations set forth in paragraph "122" of the SAC.

123.    In response to the allegations set forth in paragraph "123" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

124.    Deny the allegations set forth in paragraph "124" of the SAC.

125.    Deny the allegations set forth in paragraph "125" of the SAC.

126.    Deny the allegations set forth in paragraph "126" of the SAC.

127.    Paragraph "127" of the SAC sets forth legal conclusions rather than averments of fact and therefore requires no response.  To the extent a response is required, defendants deny that the City is liable.

128.    In response to the allegations set forth in paragraph "128" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

129.    Deny the allegations set forth in paragraph "129" of the SAC.

130.    Deny the allegations set forth in paragraph "130" of the SAC.

131.    Deny the allegations set forth in paragraph "131" of the SAC.

132.    Deny the allegations set forth in paragraph "132" of the SAC.

133.    Deny the allegations set forth in paragraph "133" of the SAC.

134.    Deny the allegations set forth in paragraph "134" of the SAC.

135.    Deny the allegations set forth in paragraph "135" of the SAC.

136.    Deny the allegations set forth in paragraph "136" of the SAC.

137.    Deny the allegations set forth in paragraph "137" of the SAC.

138.    Deny the allegations set forth in paragraph "138" of the SAC.

139.    Deny the allegations set forth in paragraph "139" of the SAC.

140.    Deny the allegations set forth in paragraph "140" of the SAC.

141.    Deny the allegations set forth in paragraph "143" of the SAC.

142.    Deny the allegations set forth in paragraph "142" of the SAC.

143.    Deny the allegations set forth in paragraph "143" of the SAC.

144.    Deny the allegations set forth in paragraph "144" of the SAC.

145.    Deny the allegations set forth in paragraph "145" of the SAC.

146.    In response to the allegations set forth in paragraph "146" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

147.    Deny the allegations set forth in paragraph "147" of the SAC.

148.    Deny the allegations set forth in paragraph "148" of the SAC.

149.    Deny the allegations set forth in paragraph "149" of the SAC.

150.    Paragraph "150" of the SAC sets forth legal conclusions rather than averments of fact and therefore requires no response.   To the extent a response is required, defendants deny that the City is liable.

151.    In response to the allegations set forth in paragraph "151" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

152.    Deny the allegations set forth in paragraph "152" of the SAC.

153.    Deny the allegations set forth in paragraph "153" of the SAC.

154.    Deny the allegations set forth in paragraph "154" of the SAC.

155.    Deny the allegations set forth in paragraph "155" of the SAC.

156.    Deny the allegations set forth in paragraph "156" of the SAC.

157.    Deny the allegations set forth in paragraph "157" of the SAC.

158.    Deny the allegations set forth in paragraph "158" of the SAC.

159.    Deny the allegations set forth in paragraph "159" of the SAC.

160.    Deny the allegations set forth in paragraph "160" of the SAC.

161.    Deny the allegations set forth in paragraph "161" of the SAC.

162.    Deny the allegations set forth in paragraph "162" of the SAC.

163.    Deny the allegations set forth in paragraph "163" of the SAC.

164.    Deny the allegations set forth in paragraph "164" of the SAC

165.    Deny the allegations set forth in paragraph "165" of the SAC.

166.    Deny the allegations set forth in paragraph "166" of the SAC.

167.    Deny the allegations set forth in paragraph "167" of the SAC.

168.    Deny the allegations set forth in paragraph "168" of the SAC.

169.    In response to the allegations set forth in paragraph "169" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

170.    Deny the allegations set forth in paragraph "170" of the SAC.

171.    Deny the allegations set forth in paragraph "171" of the SAC.

172.    Deny the allegations set forth in paragraph "172" of the SAC.

173.    Paragraph "173" of the SAC sets forth legal conclusions rather than averments of fact and therefore requires no response.  To the extent a response is required, defendants deny that the City is liable.

174.   In response to the allegations set forth in paragraph "174" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

175.   Deny the allegations set forth in paragraph "175" of the SAC.

176.   Deny the allegations set forth in paragraph "176" of the SAC.

177.   Deny the allegations set forth in paragraph "177" of the SAC.

178.   Deny the allegations set forth in paragraph "178" of the SAC.

179.   Deny the allegations set forth in paragraph "179" of the SAC.

180.   Deny the allegations set forth in paragraph "180" of the SAC.

181.   Deny the allegations set forth in paragraph "181" of the SAC.

182.   Deny the allegations set forth in paragraph "182" of the SAC.

183.   Deny the allegations set forth in paragraph "183" of the SAC.

184.   Deny the allegations set forth in paragraph "184" of the SAC.

185.   Deny the allegations set forth in paragraph "185" of the SAC.

186.   Deny the allegations set forth in paragraph "186" of the SAC.

187.   Deny the allegations set forth in paragraph "187" of the SAC.

188.   Deny the allegations set forth in paragraph "188" of the SAC.

189.   Deny the allegations set forth in paragraph "189" of the SAC.

190.   Deny the allegations set forth in paragraph "190" of the SAC.

191.   Deny the allegations set forth in paragraph "191" of the SAC.

192.   In response to the allegations set forth in paragraph "192" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

193.     Deny the allegations set forth in paragraph "193" of the SAC.

194.     Deny the allegations set forth in paragraph "194" of the SAC.

195.     Deny the allegations set forth in paragraph "195" of the SAC.

196.     Paragraph "196" of the SAC sets forth legal conclusions rather than averments of fact and therefore requires no response.   To the extent a response is required, defendants deny that the City is liable.

197.     In response to the allegations set forth in paragraph "197" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

198.     Deny the allegations set forth in paragraph "198" of the SAC.

199.     Deny the allegations set forth in paragraph "199" of the SAC.

200.     Deny the allegations set forth in paragraph "200" of the SAC.

201.     Deny the allegations set forth in paragraph "201" of the SAC.

202.     Deny the allegations set forth in paragraph "202" of the SAC.

203.     Deny the allegations set forth in paragraph "203" of the SAC.

204.     Deny the allegations set forth in paragraph "204" of the SAC.

205.     Deny the allegations set forth in paragraph "205" of the SAC.

206.     Deny the allegations set forth in paragraph "206" of the SAC.

207.     Deny the allegations set forth in paragraph "207" of the SAC.

208.     Deny the allegations set forth in paragraph "208" of the SAC.

209.     Deny the allegations set forth in paragraph "209" of the SAC.

210.     Deny the allegations set forth in paragraph "210" of the SAC

211.     Deny the allegations set forth in paragraph "211" of the SAC.

212.    Deny the allegations set forth in paragraph "212" of the SAC.

213.    Deny the allegations set forth in paragraph "213" of the SAC.

214.    Deny the allegations set forth in paragraph "214" of the SAC.

215.    In response to the allegations set forth in paragraph "215" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

216.    Deny the allegations set forth in paragraph "216" of the SAC.

217.    Deny the allegations set forth in paragraph "217" of the SAC.

218.    Deny the allegations set forth in paragraph "218" of the SAC.

219.    Deny the allegations set forth in paragraph "219" of the SAC.

220.    Deny the allegations set forth in paragraph "220" of the SAC.

221.    Deny the allegations set forth in paragraph "221" of the SAC.

222.    Deny the allegations set forth in paragraph "222" of the SAC.

223.    Deny the allegations set forth in paragraph "223" of the SAC.

224.    Deny the allegations set forth in paragraph "224" of the SAC.

225.    Deny the allegations set forth in paragraph "225" of the SAC.

226.    Deny the allegations set forth in paragraph "226" of the SAC.

227.    Deny the allegations set forth in paragraph "227" of the SAC.

228.    Deny the allegations set forth in paragraph "228" of the SAC.

229.    Deny the allegations set forth in paragraph "229" of the SAC.

230.    Deny the allegations set forth in paragraph "230" of the SAC.

231.     In response to the allegations set forth in paragraph "231" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

232.     Deny the allegations set forth in paragraph "232" of the SAC.

233.     Deny the allegations set forth in paragraph "233" of the SAC.

234.     Deny the allegations set forth in paragraph "234" of the SAC.

235.     Deny the allegations set forth in paragraph "235" of the SAC.

236.     Deny the allegations set forth in paragraph "236" of the SAC.

237.     Deny the allegations set forth in paragraph "237" of the SAC.

238.     Deny the allegations set forth in paragraph "238" of the SAC.

239.     Deny the allegations set forth in paragraph "239" of the SAC.

240.     Deny the allegations set forth in paragraph "240" of the SAC.

241.     Deny the allegations set forth in paragraph "241" of the SAC.

242.     Deny the allegations set forth in paragraph "242" of the SAC.

243.     Deny the allegations set forth in paragraph "243" of the SAC.

244.     Deny the allegations set forth in paragraph "244" of the SAC.

245.     Deny the allegations set forth in paragraph "245" of the SAC.

246.     Deny the allegations set forth in paragraph "246" of the SAC.

247.     In response to the allegations set forth in paragraph "247" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

248.     Deny the allegations set forth in paragraph "248" of the SAC.

249.     Deny the allegations set forth in paragraph "249" of the SAC.

250. Deny the allegations set forth in paragraph "250" of the SAC.

251. Deny the allegations set forth in paragraph "251" of the SAC.

252. Deny the allegations set forth in paragraph "252" of the SAC.

253. Deny the allegations set forth in paragraph "253" of the SAC.

254. Deny the allegations set forth in paragraph "254" of the SAC.

255. Deny the allegations set forth in paragraph "255" of the SAC.

256. Deny the allegations set forth in paragraph "256" of the SAC

257. Deny the allegations set forth in paragraph "257" of the SAC.

258. Deny the allegations set forth in paragraph "258" of the SAC.

259. Deny the allegations set forth in paragraph "259" of the SAC.

260. Deny the allegations set forth in paragraph "260" of the SAC.

261. Deny the allegations set forth in paragraph "261" of the SAC.

262. Deny the allegations set forth in paragraph "262" of the SAC.

263. In response to the allegations set forth in paragraph "263" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

264. Deny the allegations set forth in paragraph "264" of the SAC.

265. Deny the allegations set forth in paragraph "265" of the SAC.

266. Deny the allegations set forth in paragraph "266" of the SAC.

267. Deny the allegations set forth in paragraph "267" of the SAC.

268. Deny the allegations set forth in paragraph "268" of the SAC.

269. Deny the allegations set forth in paragraph "269" of the SAC.

270. Deny the allegations set forth in paragraph "270" of the SAC.

271.   Deny the allegations set forth in paragraph "271" of the SAC.

272.   Deny the allegations set forth in paragraph "272" of the SAC.

273.   Deny the allegations set forth in paragraph "273" of the SAC.

274.   Deny the allegations set forth in paragraph "274" of the SAC.

275.   Deny the allegations set forth in paragraph "275" of the SAC.

276.   Deny the allegations set forth in paragraph "276" of the SAC.

277.   Deny the allegations set forth in paragraph "277" of the SAC.

278.   Deny the allegations set forth in paragraph "278" of the SAC.

279.   In response to the allegations set forth in paragraph "279" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

280.   Deny the allegations set forth in paragraph "280" of the SAC.

281.   Deny the allegations set forth in paragraph "281" of the SAC.

282.   Deny the allegations set forth in paragraph "282" of the SAC.

283.   Deny the allegations set forth in paragraph "283" of the SAC.

284.   Deny the allegations set forth in paragraph "284" of the SAC.

285.   Deny the allegations set forth in paragraph "285" of the SAC.

286.   Deny the allegations set forth in paragraph "286" of the SAC.

287.   Deny the allegations set forth in paragraph "287" of the SAC.

288.   Deny the allegations set forth in paragraph "288" of the SAC.

289.   Deny the allegations set forth in paragraph "289" of the SAC.

290.   Deny the allegations set forth in paragraph "290" of the SAC.

291.   Deny the allegations set forth in paragraph "291" of the SAC.

292.    Deny the allegations set forth in paragraph "292" of the SAC.

293.    Deny the allegations set forth in paragraph "293" of the SAC.

294.    Deny the allegations set forth in paragraph "294" of the SAC.

295.    Deny the allegations set forth in paragraph "295" of the SAC.[1]

296.    In response to the allegations set forth in paragraph "298" of the SAC, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth.

297.    Deny the allegations set forth in paragraph "299" of the SAC.

298.    Deny the allegations set forth in paragraph "300" of the SAC.

299.    Deny the allegations set forth in paragraph "301" of the SAC.

300.    Deny the allegations set forth in paragraph "302" of the SAC, including its subparts.

301.    Deny the allegations set forth in paragraph "303" of the SAC.

302.    Deny the allegations set forth in paragraph "304" of the SAC.

303.    Deny the allegations set forth in paragraph "305" of the SAC.

304.    Deny the allegations set forth in paragraph "306" of the SAC.

305.    Deny the allegations set forth in paragraph "307" of the SAC.

306.    Deny the allegations set forth in paragraph "308" of the SAC.

307.    Deny the allegations set forth in paragraph "309" of the SAC and respectfully refer the Court to the original source for a complete and accurate recitation of the content of the source material and the dicta referenced therein.

---

[1] The SAC omits paragraphs with paragraph numbers "295" and "296."

308.    Deny the allegations set forth in paragraph "310" of the SAC, including its subparts.

309.    Deny the allegations set forth in paragraph "311" of the SAC.

310.    Deny the allegations set forth in paragraph "312" of the SAC.

311.    Deny the allegations set forth in paragraph "313" of the SAC.

312.    Deny the allegations set forth in paragraph "314" of the SAC.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.    The SAC fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit under state law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.    There was probable cause for plaintiff's arrests, detentions and/or prosecutions.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.    There was reasonable suspicion for any stops or searches of the plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiff failed to mitigate his alleged damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.      At all times relevant to the acts alleged in the SAC, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff has failed to plead a municipal liability claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.      To the extent any force was used, such force was reasonable, necessary and justified.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the intervening culpable and/or negligent conduct of others and was not the proximate result of any act of the defendants.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendants NYPD Detective David Terrell and NYPD Officers Matthew Velger, Christine Mozdiak *nee* Barrientos, Bravo Zayas, and Christopher Britton have not violated any clearly established constitutional right of which a reasonable person would have known and are therefore entitled to qualified immunity.

**WHEREFORE,** defendants City of New York, NYPD Detective David Terrell, NYPD Officers Matthew Velger, Christine Mozdiak *nee* Barrientos, Bravo Zayas, and Christopher Britton request judgment dismissing the SAC in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            August 22, 2018

                        ZACHARY W. CARTER
                        Corporation Counsel of the
                          City of New York
                        *Attorney for Defendants*
                        100 Church Street, Rm. 3-140
                        New York, New York 10007
                        (212) 356-3524

            By:      _____

                        Curt P. Beck, Esq.
                        Special Corporation Counsel

26

**Exhibit A**

ARREST Report - B14606385                                                              Page 1 of 3



# New York City Police Department
## Omniform System – Arrests

**RECORD CONTAINS SEALED INFORMATION.**
THIS RECORD MAY NOT BE MADE AVAILABLE TO ANY PERSON
OR PUBLIC OR PRIVATE AGENCY OUTSIDE THE POLICE DEPARTMENT.

| *RECORD STATUS: SEALED* | Arrest ID: B14606385 - H |
|---|---|
| **Arrest Location: FRONT OF 4660 3 AVENUE** | Pct: 048 |

| | | |
|---|---|---|
| **Arrest Date: 01-27-2014** | Processing Type: ON LINE | Current Location of Perpetrator: |
| **Time: 02:51:00** | DCJS Fax Number: BO004438 | Borough: Bronx |
| Sector: A | Special Event Code: NO - | Type: |
| Strip Search Conducted: NO | DAT Number: 0 | Location: 048 PRECINCT |
| Viper Initiated Arrest: NO | | |
| Stop And Frisk: NO | Return Date: 0000-00-00 | |
| Serial #: 0000-000-00000 | | |

| COMPLAINTS: | | Arrest #: B14606385 |
|---|---|---|

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2014-048-00704 | 2014-01-27 | Valid, No Arrests | 2014-01-27 | 02:30 |

| SEALED | SEALED |
|---|---|

| CHARGES: | Arrest #: B14606385 |
|---|---|

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 160.15 04 F | B | | 1 | ROBBERY-1ST:DISPLAYS FIREARM |
| #02 | No | PL 160.10 01 F | C | | 1 | ROBBERY-2ND:AIDED BY ANOTHER |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

| SEALED | SEALED |
|---|---|

| DETAILS: | Arrest #: B14606385 |
|---|---|

AT T/P/O C/V STATES DEFT ALONG WITH 5 APPREHENDED DEFENDANTS AND 1 UNAPPREHENDED DEFENDANT DID ACT IN CONCERT TO FORIBLY STEAL A PURPLE SAMSUNG GALAXY BY POINTING A BLACK FIREARM TO C/V'S STOMACH. POSITIVELY IDENTIFIED BY C/V DURING CANVASS.

| SEALED | SEALED |
|---|---|

| *DEFENDANT: COTTO, ANGELO J* | NYSID #: 12557756Y | Arrest #: B14606385 |
|---|---|---|

| | | |
|---|---|---|
| Nick/AKA/Maiden: | Height: 5FT 6IN | Order Of Protection: NO |
| Sex: MALE | Weight: 140 | Issuing Court: |
| Race: WHITE HISPANIC | Eye Color: BROWN | Docket #: |
| Age: 16 | Hair Color: BROWN | Expiration Date: |
| Date Of Birth: | Hair Length: NORMAL | Relation to Victim: STRANGER |
| U.S. Citizen: YES | Hair Style: STRAIGHT | Living together: NO |
| Place Of Birth: USA | Skin Tone: LIGHT | Can be Identified: YES |
| Is this person not Proficient in English?: NO | Complexion: CLEAR | |
| If Yes, Indicate Language: | | |
| Accent: NO | Soc.Security #: | |
| | Occupation: NONE | Gang/Crew Affiliation: NO |

DEF1

ARREST Report - B14606385

| | Name:<br>Identifiers: |
|---|---|
| Identification ID:<br>Identification #:<br>Physical Condition: APPARENTLY NORMAL   Lic/Permit Type:<br>Drug Used: NONE   Lic/Permit No: | |

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 625 JEFFERSON PLACE | BRONX | NEW YORK | | | 042 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: NO   N.Y.C. Housing Employee: NO   On Duty: NO
Development:   N.Y.C. Transit Employee: NO

Physical Force: NONE

Gun:
Weapon Used/Possessed: USED/DISPLAYED    Make.    Recovered: NO
Non-Firearm Weapon:    Color:    Serial Number Defaced:
Other Weapon Description:    Caliber:    Serial Number:
    Type: PISTOL, SEMIAUTOMATI
    Discharged: NO

Used Transit System: NO
Station Entered:
Time Entered:
Metro Card Type:
Metro Card Used/Poses:
Card #:

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | DISPLAY FIREARM |
| CLOTHING | OUTERWEAR - SNORKEL, SKI, HOODED JACKET - BLACK |
| CLOTHING | ACCESSORIES - SWEAT / JOGGING CLOTHES - BLUE |
| CLOTHING | FOOTWEAR - SNEAKERS - BLUE |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

SEALED    SEALED

JUVENILE DATA:    Arrest #: B14606385

Juvenile Offender:   Relative Notified: M   Personal Recog:
Number Of Priors: 0   Name: ELIZABETH
School Attending:   Phone Called:
Mother's Maiden Name:   Time Notified:

SEALED    SEALED

ASSOCIATED ARRESTS:    Arrest #: B14606385

| ARREST ID | COMPLAINT # |
|---|---|
| B14606387 | 2014-048-00704 |
| B14606388 | 2014-048-00704 |
| B14606389 | 2014-048-00704 |
| B14606390 | 2014-048-00704 |

DEF2

| B14606393 | 2014-048-00704 |
| B14631837 | 2014-048-00704 |

| | SEALED |

| SEALED | |

| No Vehicles for Arrest # | |

| SEALED | SEALED |

**DEFENDANTS CALLS:** Arrest #: B14606385

| CALL # | NUMBER DIALED | NAME - PROVIDED BY DEFENDANT | NAME AS LISTED IN CELL PHONE | RELATIONSHIP | CALL COMPLETED |
|--------|---------------|------------------------------|------------------------------|--------------|----------------|
| | | RODA, ELIZABETH | | MOTHER | |
| 3 | | | | | |

| SEALED | SEALED |

**INVOICES:** Arrest #: B14606385

| INVOICE# | COMMAND | PROPERTY TYPE | VALUE |

| SEALED | SEALED |

**ARRESTING OFFICER: POM PIERLUIG CASTALDO** Arrest #: B14606385

| Tax Number: 948757 | On Duty: YES | **Force Used:** NO |
| Other ID (non-NYPD): 948757 | In Uniform: YES | Type: |
| Shield: 8577 | Squad: A3 | Reason: |
| Department: NYPD | Chart: 01 | Officer Injured: NO |
| Command: 048 | Primary Assignment: | |

| SEALED | SEALED |

| Arresting Officer Name:<br>POM CASTALDO, PIERLUIG | Tax #:<br>948757 | Command:<br>048 | Agency:<br>NYPD |
| Supervisor Approving:<br>SGT JARA CHRISTIA | Tax #:<br>941948 | Command:<br>048 | Agency:<br>NYPD |
| Report Entered by:<br>POM CASTALDO, PIER | Tax #:<br>948757 | Command:<br>048 | Agency:<br>NYPD |

| END OF ARREST REPORT<br>B14606385 |

**Exhibit B**

ARREST Report - B14615740

## New York City Police Department
### Omniform System - Arrests

RECORD CONTAINS SEALED INFORMATION.
THIS RECORD MAY NOT BE MADE AVAILABLE TO ANY PERSON
OR PUBLIC OR PRIVATE AGENCY OUTSIDE THE POLICE DEPARTMENT.

| | |
|---|---|
| *RECORD STATUS: SEALED* | **Arrest ID:** B14615740 - H |
| **Arrest Location: SOUTH WEST CORNER FRANKLIN AVENUE & EAST 169 STREET** | **Pct: 042** |

Arrest Date: 03-05-2014       Processing Type: ON LINE    Current Location of Perpetrator:

Time: 16:31:00       DCJS Fax Number: BO010767       Borough: Bronx

Sector: C       Special Event Code: NO -       Type:

Strip Search Conducted: NO       DAT Number: 0       Location: 042 PRECINCT

Viper Initiated Arrest: NO

Stop And Frisk: NO       Return Date: 0000-00-00

Serial #: 0000-000-00000

**COMPLAINTS:**                                                                Arrest #: B14615740

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2014-042-01537 | 2014-03-05 | Valid, No Arrests | 2014-03-05 | 15:50 |

SEALED                                                                                      SEALED

**CHARGES:**                                                                Arrest #: B14615740

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 120.00 01 | M | A | 1 | ASLT W/INT CAUSES PHYS INJURY |
| #02 | No | PL 221.05 | V | 0 | 1 | UNLAWFUL POSSESSION MARIHUANA |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C. | Reason Not Forfeit: |
|---|---|---|---|---|---|

SEALED                                                                                      SEALED

**DETAILS:**                                                                Arrest #: B14615740

AT T/P/O C/V STATES HE WAS COMING OUT OF SCHOOL ON HIS WAY HOME WHEN DEFT'S ALONG WITH FRIENDS ATTACKED C/V HITTING HIM WITH CLOSE FITS CAUSING A SWOLLEN EYE TO C/V. CANVASS WAS CONDUCTED C/V POINTED OUT THE DEFT STANDING INFRONT OF 625 JEFFERSON PLACE. SILA DEFENDANT HAD MARIJUANNA AND BOX CUTTER IN HIS PERSON.

SEALED                                                                                      SEALED

| *DEFENDANT: COTTO, ANGELO* | NYSID #: 12557756Y | Arrest #: B14615740 |
|---|---|---|

Nick/AKA/Maiden:                       Height: 5FT 9IN       Order Of Protection: NO

Sex: MALE                             Weight: 185            Issuing Court:

Race: WHITE HISPANIC                  Eye Color: BROWN       Docket #:

Age: 16                               Hair Color: BROWN      Expiration Date:

Date Of Birth:                        Hair Length: LONG      Relation to Victim: FRIEND/ACQUAINTANCE

U.S. Citizen: NO                      Hair Style: PONY TAIL  Living together: NO

Place Of Birth: PUERTO RICO           Skin Tone: LIGHT       Can be Identified: YES

Is this person not Proficient in English?: NO     Complexion: CLEAR

If Yes, indicate Language.                        Gang/Crew Affiliation: NO

DEF11

ARREST Report - B14615740

| | |
|---|---|
| Accent: NO | Soc.Security #: |
| | Occupation: NONE |

Name:
Identifiers:

Identification ID: Birth certificate
Identification #: D712191
Physical Condition: APPARENTLY NORMAL
Lic/Permit Type:
Drug Used: NONE
Lic/Permit No:

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 625 JEFFERSON PLACE | BRONX | NEW YORK | 10456 | | 042 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: NO  N.Y.C. Housing Employee: NO  On Duty: NO
Development:  N.Y.C. Transit Employee: NO

Physical Force: USED

Gun:
Weapon Used/Possessed: NONE
Non-Firearm Weapon:
Other Weapon Description:

Make:
Color:
Caliber:
Type:
Discharged: NO

Recovered:
Serial Number Defaced:
Serial Number:

Used Transit System: NO
Station Entered:
Time Entered:
Metro Card Type:
Metro Card Used/Poses:
Card #:

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | FOOTWEAR - SANDALS - RED |
| CLOTHING | ACCESSORIES - SWEAT / JOGGING CLOTHES - RED |
| CLOTHING | OUTERWEAR - T-SHIRT OR TANK TOP - RED |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | ARM -TATTOO WITH PICTURE ONLY - DESCRIBE:CROSS |
| IMPERSONATION | UNKNOWN |

SEALED

SEALED

Arrest #: B14615740

JUVENILE DATA:

Juvenile Offender:  Relative Notified: M  Personal Recog:
Number Of Priors: 0  Name: ELIZABETH
School Attending:  Phone Called:
Mother's Maiden Name:  Time Notified:

SEALED

SEALED

Arrest #: B14615740

ASSOCIATED ARRESTS:

ARREST ID  COMPLAINT #

SEALED

SEALED

No Vehicles for Arrest #

DEF12

ARREST Report - B14615740

SEALED

| SEALED | | | | | Arrest #: B14615740 |
|---|---|---|---|---|---|

**DEFENDANTS CALLS:**

| CALL # | NUMBER DIALED | NAME - PROVIDED BY DEFENDANT | NAME AS LISTED IN CELL PHONE | RELATIONSHIP | CALL COMPLETED |
|---|---|---|---|---|---|
| | | ROSADA, ELIZABETH | | MOTHER | |

SEALED

| SEALED | | Arrest #: B14615740 |
|---|---|---|

**INVOICES:**

| INVOICE# | COMMAND | PROPERTY TYPE | VALUE |
|---|---|---|---|

SEALED

| SEALED | | Arrest #: B14615740 |
|---|---|---|

**ARRESTING OFFICER: POM BRAVO ZAYAS**

| | | Force Used: NO |
|---|---|---|
| Tax Number: 953601 | On Duty: YES | Type: |
| Other ID (non-NYPD): 953601 | In Uniform: YES | Reason: |
| Shield: 17717 | Squad: 1 | Officer Injured: NO |
| Department: NYPD | Chart: 97 | |
| Command: 042 | Primary Assignment: | |

SEALED

| SEALED | | | |
|---|---|---|---|
| Arresting Officer Name:<br>POM ZAYAS, BRAVO | Tax #:<br>963601 | Command:<br>042 | Agency:<br>NYPD |
| Supervisor Approving:<br>SGT NAVARRETE JONA | Tax #:<br>944278 | Command:<br>352 | Agency:<br>NYPD |
| Report Entered by:<br>POM ZAYAS, BRAVO | Tax #:<br>953601 | Command:<br>042 | Agency:<br>NYPD |

END OF ARREST REPORT
B14615740

# Exhibit C

ARREST Report - B14646926

# New York City Police Department
## Omniform System - Arrests

**RECORD CONTAINS SEALED INFORMATION.**
THIS RECORD MAY NOT BE MADE AVAILABLE TO ANY PERSON
OR PUBLIC OR PRIVATE AGENCY OUTSIDE THE POLICE DEPARTMENT.

*RECORD STATUS: SEALED*

Arrest ID:
B14646926 - H

**Arrest Location: NORTH WEST CORNER FULTON AVENUE & EAST 170 STREET**

Pct: 042

Arrest Date: 07-03-2014

Time: 19:22:00

Sector: B

Strip Search Conducted: NO

Viper Initiated Arrest: NO

Stop And Frisk: NO

Serial #: 0000-000-00000

Processing Type: ON LINE

DCJS Fax Number: BO032060

Special Event Code: NO -

DAT Number: 0

Return Date: 0000-00-00

Current Location of Perpetrator:

Borough: Bronx

Type:

Location: 042 PRECINCT

Arrest #: B14646926

**COMPLAINTS:**

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2014-042-04681 | 2014-07-03 | Valid, No Arrests | 2014-07-03 | 18:45 |

SEALED

SEALED

Arrest #: B14646926

**CHARGES:**

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 265.02 01 F | D | | 1 | CRIM POSS WEAP-3RD:PREV CONV |
| #02 | No | PL 240.05 | M | A | 1 | RIOT-2ND |
| #03 | No | PL 240.20 01 V | | 0 | 1 | DIS/CON:FIGHT/VIOLENT BEHAVIOR |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C. | Reason Not Forfeit: |
|---|---|---|---|---|---|

SEALED

SEALED

Arrest #: B14646926

**DETAILS:**
AT T/P/O WAS OBSERVED ALONG WITH OTHER UNIDENTIFIED MALES AT LOCATION FIGHTING WITH ANOTHER RIVAL GROUP OF APPROXIMATLEY 40 to 50 PEOPLE. GROUP WAS OBSERVED RUNNING WITH BATS AND STICKS AND A GUN. DEFT. ADMITTED TO HAVING A BB GUN AND HANDING IT TO OTHER PERP ARRESTED WITH DEFT..

SEALED

SEALED

Arrest #: B14646926

**DEFENDANT: COTTO, ANGELO**

NYSID #: 12557756Y

Nick/AKA/Maiden:

Sex: MALE

Race: WHITE HISPANIC

Age: 16

Date Of Birth:

U.S. Citizen:

Place Of Birth: PUERTO RICO

Is this person not Proficient in English?: NO

Height: 5FT 7IN

Weight: 150

Eye Color: BLUE

Hair Color: BLACK

Hair Length: LONG

Hair Style: AFRO

Skin Tone: MEDIUM

Complexion: TAN

Order Of Protection: NO

Issuing Court:

Docket #:

Expiration Date:

Relation to Victim: UNKNOWN/NONE

Living together: NO

Can be identified: NO

DEF19

ARREST Report - B14646926

| | | | | | Gang/Crew Affiliation: NO |
|---|---|---|---|---|---|
| If Yes, Indicate Language: | | | | | Name: |
| | | Soc.Security #: | | | Identifiers: |
| Accent: NO | | Occupation: UNKNOWN | | | |
| Identification ID: | | | | | |
| Identification #: | | Lic/Permit Type: | | | |
| Physical Condition: APPARENTLY NORMAL | | Lic/Permit No: | | | |
| Drug Used: NONE | | | | | |

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT 625 JEFFERSON PLACE BRONX NEW YORK | | | | | 4N | 042 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: NO   N.Y.C. Housing Employee: On Duty:
   Development:   N.Y.C. Transit Employee:

Physical Force: NONE

| | Gun: OTHER FIREARM | | | Recovered: NO |
|---|---|---|---|---|
| Weapon Used/Possessed: POSSESSED | | Make: | Serial Number Defaced: | |
| Non-Firearm Weapon: | | Color: | Serial Number: | |
| Other Weapon Description: | | Caliber: | | |
| | | Type: | | |
| | | Discharged: NO | | |

Used Transit System: NO
   Station Entered:
   Time Entered:
   Metro Card Type:
Metro Card Used/Poses:
   Card #:

| CRIME DATA | DETAILS |
|---|---|
| STATEMENTS MADE | UNKNOWN |
| MODUS OPERANDI | FIGHTING WITH GROUP |
| ACTIONS TOWARD VICTIM | FIGHTING WITH GROUP |
| CLOTHING | FOOTWEAR - SANDALS - BLUE |
| CLOTHING | ACCESSORIES - SWEAT / JOGGING CLOTHES - RED |
| CLOTHING | OUTERWEAR - T-SHIRT OR TANK TOP - BLACK |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | ARM -TATTOO WITH PICTURE ONLY - DESCRIBE:CROSS WITH WINGS |
| BODY MARKS | ARM -TATTOO WITH WORDS ONLY - DESCRIBE:LOYALTY |
| IMPERSONATION | UNKNOWN |

| | SEALED |
|---|---|
| SEALED | Arrest #: B14646926 |

| JUVENILE DATA: | | |
|---|---|---|
| Juvenile Offender: NO  Relative Notified: M | | Personal Recog: N |
| Number Of Priors: 0 | Name: ELIZABETH ROSADA | |
| School Attending: | Phone Called | |
| Mother's Maiden Name: | Time Notified: 2030 | / |

| | SEALED |
|---|---|
| SEALED | Arrest #: B14646926 |

ASSOCIATED ARRESTS:

| ARREST ID | COMPLAINT # |
|---|---|
| B14646921 | 2014-042-04681 |

ARREST Report - B14646926

SEALED

| SEALED | | | |
|---|---|---|---|
| No Vehicles for Arrest # | | | SEALED |

| SEALED | Arrest #: B14646926 |
|---|---|

DEFENDANTS CALLS:

| CALL # NUMBER DIALED NAME - PROVIDED BY DEFENDANT | NAME AS LISTED IN CELL PHONE | RELATIONSHIP | CALL COMPLETED |
|---|---|---|---|
| RODA,ELIZABETH | | MOTHER | |

SEALED

| SEALED | Arrest #: B14646926 |
|---|---|

INVOICES:

| INVOICE# | COMMAND | PROPERTY TYPE | VALUE |
|---|---|---|---|

SEALED

| SEALED | Arrest #: B14646926 |
|---|---|

**ARRESTING OFFICER: POM CHRISTOP BRITTON**

| | | | |
|---|---|---|---|
| Tax Number: 952496 | On Duty: YES | Force Used: NO | |
| Other ID (non-NYPD): 952496 | In Uniform: YES | Type: | |
| Shield: 229 | Squad: C3 | Reason: | |
| Department: NYPD | Chart: 05 | Officer Injured: NO | |
| Command: 042 | Primary Assignment: | | |

SEALED

| SEALED | | | |
|---|---|---|---|
| Arresting Officer Name:<br>POM BRITTON, CHRISTOP | Tax #:<br>952496 | Command:<br>042 | Agency:<br>NYPD |
| Supervisor Approving:<br>SGT PARK YISHIN | Tax #:<br>939179 | Command:<br>042 | Agency:<br>NYPD |
| Report Entered by:<br>POM BRITTON, CHRIS | Tax #:<br>952496 | Command:<br>042 | Agency:<br>NYPD |

END OF ARREST REPORT
B14646926

**Exhibit D**

ARREST Report - B15664219

## New York City Police Department
### Omniform System - Arrests

**RECORD CONTAINS SEALED INFORMATION.**
THIS RECORD MAY NOT BE MADE AVAILABLE TO ANY PERSON
OR PUBLIC OR PRIVATE AGENCY OUTSIDE THE POLICE DEPARTMENT.

*RECORD STATUS: SEALED*

Arrest ID: B15664219 - L

**Arrest Location: INSIDE OF 625 JEFFERSON PLACE**   Pct: 042

**APT: 4B**

Arrest Date: 10-19-2015    Processing Type: ON LINE    Current Location of Perpetrator:

Time: 17:06:00    DCJS Fax Number: BO044301    Borough: Bronx

Sector: C    Special Event Code: NO -    Type:

Strip Search Conducted: NO    DAT Number: 0    Location: 042 PRECINCT

Viper Initiated Arrest: NO

Stop And Frisk: NO    Return Date: 0000-00-00

Serial #: 0000-000-00000

Arrest #: B15664219

**COMPLAINTS:**

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2015-042-07463 | 2015-10-19 | Valid, Initial Arrests made | 2015-10-19 | 16:45 |

SEALED

SEALED

Arrest #: B15664219

**CHARGES:**

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 120.00 01 M | A | | 1 | ASLT W/INT CAUSES PHYS INJURY |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

SEALED

SEALED

Arrest #: B15664219

**DETAILS:**

AT T/P/O C/V STATES THAT KNOWN PERP DID STRIKE HIM WITH A CLOSED FIST CAUSING A VISIBLE PHYSICAL INJURY. C/V ALSO STATES THAT P2 DID THREATEN TO STAB HIM WHILE WIELDING A KNIGE BLADE. C/V STATES THAT SOCIAL NETWORKING IS UNKNOWN, DOES NOT DRIVE, DOES NOT WORK, AND FREQUENTS THE AREA OF 626 JEFFERSON PLACE. NECESSARY FORCE USED TO AFFECT ARREST. ONLY ONE POINT OF CONTACT WAS PROVIDED. DEFENDANT REFUSED PHONE CALLS.

SEALED

SEALED

Arrest #: B15664219

*DEFENDANT:* **COTTO, ANGELO**    NYSID #: **12557756Y**

| | | |
|---|---|---|
| Nick/AKA/Maiden: | Height: **5FT 10IN** | Order Of Protection: **NO** |
| Sex: **MALE** | Weight: **160** | Issuing Court: |
| Race: **WHITE HISPANIC** | Eye Color: **BROWN** | Docket #: |
| Age: **16** | Hair Color: **BLACK** | Expiration Date: |
| Date Of Birth: ~~█~~ | Hair Length: **LONG** | Relation to Victim: **BROTHER** |
| U.S. Citizen: **YES** | Hair Style: **DREAD LOCKS** | Living together: **YES** |
| Place Of Birth: **NEW YORK** | Skin Tone: **LIGHT** | Can be identified: **YES** |
| Is this person not Proficient in English?: **NO** | Complexion: **BLOTCHY** | Gang/Crew Affiliation: **NO** |

DEF28

ARREST Report - B15664219 Page 2 of 3

| If Yes, Indicate Language: | | | Name: |
|---|---|---|---|
| Accent: NO | Soc.Security #: | | Identifiers: |
| | Occupation: UNKNOWN | | |
| Identification ID: | | | |
| Identification #: | | | |
| Physical Condition: INJ-R.M.A. | Lic/Permit Type: | | |
| Drug Used: NONE | Lic/Permit No: | | |

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 625 JEFFERSON PLACE | BRONX | NEW YORK | 10456 | 4B | 042 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: NO   N.Y.C. Housing Employee: NO   On Duty: NO
Development:   N.Y.C. Transit Employee: NO

**Physical Force:NONE**

| | Gun: | | |
|---|---|---|---|
| Weapon Used/Possessed: POSSESSED | Make: | Recovered: NO | |
| Non-Firearm Weapon: CUTTING INSTRUMENT | Color: | Serial Number Defaced: | |
| Other Weapon Description: | Caliber: | Serial Number: | |
| | Type: | | |
| | Discharged: NO | | |

Used Transit System: NO
Station Entered:
Time Entered:
Metro Card Type:
Metro Card Used/Posos:
Card #:

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | ACCESSORIES - SWEAT / JOGGING CLOTHES - GRAY |
| CLOTHING | FOOTWEAR - SNEAKERS - BLACK |
| CLOTHING | OUTERWEAR - T-SHIRT OR TANK TOP - BLACK |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

| SEALED | | SEALED |
|---|---|---|

| **JUVENILE DATA:** | | Arrest #: B15664219 |
|---|---|---|
| Juvenile Offender: | Relative Notified: M | Personal Recog: |
| Number Of Priors: 0 | Name: ROSADO, ELIZABETH | |
| School Attending: N/A | Phone Call: ███████████ | |
| Mother's Maiden Name: | Time Notified: 1706 | |

| SEALED | | SEALED |
|---|---|---|

| **ASSOCIATED ARRESTS:** | | Arrest #: B15664219 |
|---|---|---|
| ARREST ID COMPLAINT # | | |

| SEALED | | SEALED |
|---|---|---|

No Vehicles for Arrest #

ARREST Report - B15664219

| SEALED | | SEALED |
|---|---|---|
| DEFENDANTS CALLS: | | Arrest #: B15664219 |

CALL # NUMBER DIALED NAME - PROVIDED BY DEFENDANT NAME AS LISTED IN CELL PHONE RELATIONSHIP CALL COMPLETED

| 1 | | REFUSED,REFUSED | |

| SEALED | | SEALED |
|---|---|---|
| INVOICES: | | Arrest #: B15664219 |

INVOICE# COMMAND PROPERTY TYPE VALUE

| SEALED | | SEALED |
|---|---|---|
| **ARRESTING OFFICER: POM MATTHEW VELGER** | | Arrest #: B15664219 |

| Tax Number: 951385 | On Duty: YES | Force Used: NO |
|---|---|---|
| Other ID (non-NYPD): 951385 | In Uniform: YES | Type: |
| Shield: 10295 | Squad: C1 | Reason: |
| Department: NYPD | Chart: 97 | Officer Injured: NO |
| Command: 042 | Primary Assignment: | |

| SEALED | | | SEALED |
|---|---|---|---|
| Arresting Officer Name:<br>POM VELGER, MATTHEW | Tax #:<br>951385 | Command:<br>042 | Agency:<br>NYPD |
| Supervisor Approving:<br>SGT ZINSTEIN ELLIO | Tax #:<br>947634 | Command:<br>042 | Agency:<br>NYPD |
| Report Entered by:<br>POM VELGER, MATTHEW | Tax #:<br>951385 | Command:<br>042 | Agency:<br>NYPD |

END OF ARREST REPORT
B15664219

DEF30

**Exhibit E**

ARREST Report - B15674851

## New York City Police Department
### Omniform System - Arrests

**RECORD CONTAINS SEALED INFORMATION.**
THIS RECORD MAY NOT BE MADE AVAILABLE TO ANY PERSON
OR PUBLIC OR PRIVATE AGENCY OUTSIDE THE POLICE DEPARTMENT.

| RECORD STATUS: SEALED | Arrest ID: B15674851 - Z |
|---|---|

**Arrest Location:** FRONT OF 625 JEFFERSON PLACE    **Pct:** 042

Arrest Date: 12-10-2015 — Processing Type: ON LINE — Current Location of Perpetrator:
Time: 23:15:00 — DCJS Fax Number: BO051869 — Borough: Bronx
Sector: C — Special Event Code: NO - — Type:
Strip Search Conducted: NO — DAT Number: 0 — Location: POLICE SERVICE AREA 7
Viper Initiated Arrest: NO
Stop And Frisk: YES — Return Date: 0000-00-00
Serial #: 2015-042-00356

Arrest #: B15674851

**COMPLAINTS:**

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2015-042-08902 | 2015-12-11 | Valid, Initial Arrests made | 2015-12-10 | 23:10 |

SEALED

SEALED — Arrest #: B15674851

**CHARGES:**

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 265.02 01 | F | D | 1 | CRIM POSS WEAP-3RD:PREV CONV |
| #02 | No | PL 221.05 | V | | 0 | UNLAWFUL POSSESSION MARIHUANA |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C.: | Reason Not Forfeit: |
|---|---|---|---|---|---|

SEALED

SEALED — Arrest #: B15674851

**DETAILS:**
AT T/P/O DEFT WAS IN POSSESSION OF GRAVITY KNIFE AND ZIPLOCK BAG OF MARIJUANA.

SEALED

SEALED

**DEFENDANT: COTTO, ANGELO**    NYSID #: 12557756Y    Arrest #: B15674851

Nick/AKA/Maiden:
Sex: MALE
Race: WHITE HISPANIC
Age: 18
Date Of Birth: ███
U.S. Citizen: YES
Place Of Birth: UNKNOWN
Is this person not Proficient in English?: NO
If Yes, Indicate Language:
Accent: NO
Identification ID: Other

Height: 5FT 10IN
Weight: 160
Eye Color: BROWN
Hair Color: BLACK
Hair Length: LONG
Hair Style: CURLY/WAVY
Skin Tone: MEDIUM
Complexion: CLEAR
Soc.Security #:
Occupation: NONE

Order Of Protection: NO
Issuing Court:
Docket #:
Expiration Date:
Relation to Victim: UNKNOWN/NONE
Living together: NO
Can be Identified: NO

Gang/Crew Affiliation: YES
Name: HILLTOP
Identifiers:

DEF37

http://omniform.nypd.org/omniform/globalreports/webFocusReport.do?IBIF_webapp=/ibi_...   3/6/2017

Identification #: 208195859

Physical Condition: APPARENTLY NORMAL          Lic/Permit Type:

Drug Used: NONE          Lic/Permit No:

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 625 JEFFERSON PLACE | BRONX | NEW YORK | | | 042 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: NO  N.Y.C. Housing Employee:  On Duty:

Development:          N.Y.C. Transit Employee.

**Physical Force: NONE**

Gun:

Weapon Used/Possessed: POSSESSED          Make:          Recovered: NO

Non-Firearm Weapon: CUTTING INSTRUMENT          Color:          Serial Number Defaced:

Other Weapon Description:          Caliber:          Serial Number:

Type:

Discharged: NO

Used Transit System: NO

Station Entered:

Time Entered:

Metro Card Type:

Metro Card Used/Poses:

Card #:

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | OUTERWEAR - SWEAT SHIRT OR JOGGING JACKET - BLACK |
| CLOTHING | ACCESSORIES - JEANS - BLUE |
| CLOTHING | FOOTWEAR - SNEAKERS - MULTI COLORED OR STR |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

SEALED                                                         SEALED

**JUVENILE DATA:**          Arrest #: B15674851

Juvenile Offender:  Relative Notified: M          Personal Recog:

Number Of Priors: 0          Name: ELIZABETH

School Attending:          Phone Called:

Mother's Maiden Name:          Time Notified: 0000

SEALED                                                         SEALED

**ASSOCIATED ARRESTS:**          Arrest #: B15674851

ARREST ID COMPLAINT #

SEALED                                                         SEALED

**No Vehicles for Arrest #**

SEALED                                                         SEALED

**DEFENDANTS CALLS:**          Arrest #: B15674851

ARREST Report - B15674851

| CALL # NUMBER DIALED | NAME - PROVIDED BY DEFENDANT | NAME AS LISTED IN CELL PHONE | RELATIONSHIP | CALL COMPLETED |
|---|---|---|---|---|
| 1 | - - | REFUSED,REFUSED | | |

| SEALED | SEALED |
|---|---|

| INVOICES: | Arrest #: B15674851 |
|---|---|

| INVOICE# | COMMAND | PROPERTY TYPE | VALUE |
|---|---|---|---|
| 2000494669 | 807 | MARIJUANA/HASHISH | UNKNOWN |
| 2000494670 | 807 | OTHER WEAPONS | UNKNOWN |

| SEALED | SEALED |
|---|---|

| ARRESTING OFFICER: POF CHRISTIN BARRIENTOS | Arrest #: B15674851 |
|---|---|

Tax Number: 950051  On Duty: YES
Other ID (non-NYPD): 950051  In Uniform: NO
Shield: 29238  Squad: CT
Department: NYPD  Chart: 99
Command: 807  Primary Assignment:

Force Used: NO
Type:
Reason:
Officer Injured: NO

| SEALED | | | SEALED |
|---|---|---|---|

| | Tax #: | Command: | Agency: |
|---|---|---|---|
| Arresting Officer Name: POF BARRIENTOS, CHRISTIN | 950051 | 807 | NYPD |
| Supervisor Approving: SGT CONTRERAS RAYM | 929933 | 807 | NYCHA |
| Report Entered by: POF BARRIENTOS, CH | 950051 | 807 | NYPD |

END OF ARREST REPORT
B15674851